## WICHITA FALLS & SOUTHERN RY. CO. v. FOREMAN.

### No. 1693.

Court of Civil Appeals of Texas. Eastland.

Oct. 1, 1937.

Conner & Conner, of Eastland, for plaintiff in error.

· · Grisham Bros., of Austin, for defendant 'in error.

FUNDERBURK, Justice.

K. C. Foreman, as plaintiff, brought this suit first naming Wichita Falls, Ranger & Southern Railway Company, a corporation, as defendant. No answer was filed by the defendant, but the person upon whom citation had been served, as amicus curiæ, filed an affidavit that he was not an agent of the defendant. Plaintiff then filed his first amended original petition naming the same defendant, and alleging that it was doing business in Eastland county, Tex., and has "its principal office· in the city of ·Wichita Falls, Wichita County, Texas, and service may be had on its president, secretary or treasurer, all of whom reside at said city of Wichita Falls, and that its president is Frank Kell, upon whom service may be had," etc. Citation upon this amended pleading having been served on Frank Kell, he, as amicus curiæ, filed an affidavit to the effect that he was not the president of the Wichita Falls, Ranger & Southern Railway Company. No answer having been filed, the court, on June 25, 1935, gave judgment by default (entered June 27, 1935) against Wichita Falls, Ranger & Southern Railway Company for $3,500. On June 29, 1935, Wichita Falls & Southern Railway Company (so designating itself) filed a motion to set aside said default judgment referring to itself as "the defendant," and praying for a new trial. An amended motion made reference to the purported service upon Frank Kell by the allegation that "said Frank Kell is not the president of the Wichita Falls, Ranger & Southern Railway Com-, pany, but is the president of the Wichita Falls & Southern Railway Company, *there being no such corporation known to this defendant or its attorneys as the Wichita Falls, Ranger & Southern Railway Company.*" (Italics ours.) Said amended motion also alleged that the attorneys for the Wichita Falls & Southern Railway Company had prior to the default judgment notified the attorney for plaintiff "that there was no such company" as the one named as defendant; "that *the name of the railway involved was the Wichita Falls & Southern Railway Company.*" (Italics ours.)

On July 10, 1935, during an extension of the term of court at which the default judgment was rendered, said judgment was set aside. In the name of Wichita Falls & Southern Railway Company as defendant, an original and a first amended original answer to plaintiff's petition were successively filed. Later, plaintiff filed a second amended original petition naming "Wichita Falls & Southern Railway Company" as defendant, with the parenthetical explanation that the name had been "erroneously stated as Wichita Falls, Ranger · & Southern Railway Company in plaintiff's said prior pleadings."

The cause of action alleged was to the effect that the defendant "operated a line of railway * * * through * * * Eastland County," and was negligent in failing to construct and maintain a reasonably safe railroad crossing, as the proximate result of which plaintiff's child, while being transported in a school bus in crossing said railroad, was injured, resulting in his death, and consequent damages to the plaintiff.

Upon the trial, special issues were submitted to a jury, the answers to which constituted the verdict upon which the court, in response to a motion of plaintiff to render judgment in his favor against both the "Wichita Falls & Southern Railway Company" and the "Wichita Falls & Southern Railroad Company," rendered judgment against the latter only. The motion in so far as it sought to have judgment rendered against Wichita Falls & Southern Railway Company was overruled, to which action the plaintiff excepted. From said judgment entered October 30, 1935, the Wichita Falls & Southern Railroad Company perfected writ of error to this court.

According to the caption of the transcript, the term of court at which the above judgment was entered ended on November 2, thereafter. On said November 2, 1935, plaintiff filed a motion to vacate the judgment in order to permit him, to file a trial amendment, and in part prayed for an order extending the term of court until November 14, 1935. The regular judge being absent, Hon. Geo. L. Davenport, presiding judge of the Eighth administrative judicial district, and regular judge of the Ninety-First judicial district, having designated and assigned himself "to sit for the judge of the 88th District Court and. enter such· orders as may be necessary in extending. the term of said court insofar as certain litigation may be concerned and to make and enter such orders as are necessary and proper

in the premises," granted said motion to the extent only that it prayed for an extension of the term. Thereafter, on November 12, 1935, the court, with the regular judge again presiding, rendered another judgment, which, after preliminarily reciting the extension of the term and the granting of leave to plaintiff to file the trial amendment, purported to vacate the former judgment, and upon the pleadings and verdict of the jury, and the trial amendment, to award recovery in favor of the plaintiff against the Wichita Falls & Southern Railway Company, to which action the latter excepted and gave notice of appeal. From the said judgment of November 12, 1935, the defendant Wichita Falls & Southern Railway Company duly perfected writ of error to this court.

■ As one of the plaintiffs in error, the Wichita Falls & Southern Railway Company contends that the judgment of November 12, 1935, against it is void because there was no lawful extension of the term of court, and the judgment was therefore rendered at a subsequent term, which, in the absence of agreement or valid order extending the term, the court had no power to render. Defendant in error in his brief seems to agree that the judgment was void. Under these circumstances, we do not deem it our duty to determine the question of the power or jurisdiction of the court to render such judgment. We shall, therefore, merely assume, without deciding, that the court was without lawful power to render the judgment, as agreed to by the parties. The result will be to require a reversal of that judgment; it being the only judgment affecting adversely the said Wichita Falls & Southern Railway Company.

The effect of such disposition of the question will be to establish the finality of the former judgment entered October 30, 1935, awarding recovery against the Wichita Falls & Southern Railroad Company, save only as its ultimate finality may be affected by the action of this court upon the writ of error prosecuted by said Wichita Falls & Southern Railroad Company.

The plaintiff in error Wichita Falls & Southern Railroad Company assigns as its first ground of error the action of the court below in rendering any money judgment against it. The point is made that there were "no pleadings, process or appearance by it authorizing the rendition of any judgment for any sum of money."

It is undoubtedly true that no pleadings of either the plaintiff or purported defendant named the Wichita Falls & Southern Railroad Company as a defendant. The first time the name of that corporation appears in the transcript of the proceedings in the case is in plaintiff's motion for judgment on the verdict of the jury. The record contains no citation, and, therefore, no showing of the service of citation upon a corporation by the name of Wichita Falls & Southern Railroad Company. According to the plaintiff's pleadings, but one defendant was purported to be sued. In no part of the special verdict of the jury was the name of the defendant stated. There was no written waiver of the service of citation. Plaintiff's trial pleadings named as the sole defendant the Wichita Falls & Southern Railway Company.

■ Unless the names Wichita Falls & Southern Railway Company and Wichita Falls & Southern Railroad Company were but two different names of the same corporation, then it seems clear to us the verdict of the jury naming, as it did, no defendant could not support a judgment against a corporation not named in any of the pleadings. It may be granted that had the undisputed evidence shown that the Wichita Falls & Southern Railway Company named as sole defendant in the pleadings was also known by the name of Wichita Falls & Southern Railroad Company, or even had the Wichita Falls & Southern Railroad Company been mistakenly called the Wichita Falls & Southern Railway Company, there being no corporation by the latter name, and therefore no question of separate identity involved, a judgment against the defendant by its correct name would have been warranted. The authorities cited by defendant in error go no further, we think, than to support such a proposition. Wieser v. Thompson Grocery Co. (Tex.Civ.App.) 8 S.W.(2d) 1100; Watson Co., Builders, v. Bleeker (Tex.Civ.App.) 269 S.W. 147; Abilene Independent Telephone Co. v. Williams, 111 Tex. 102, 229 S.W. 847; Robinson v. Watkins (Tex.Civ.App.) 271 S.W. 288; Browne Grain Co. v. Farmers' & Merchants' Nat. Bank (Tex.Civ.App.) 173 S.W. 942; Rowan v. Stowe (Tex.Civ.App.) 193 S.W. 434; Houston & T. C. Ry. Co. v. Weaver (Tex.Civ.App.) 41 S.W. 846.

552

■ Such, however, is not the case presented. The evidence was conclusive that the Wichita Falls & Southern Railway Company and the Wichita Falls & Southern Railroad Company were two separately existing corporations. There were therefore no pleadings alleging a cause of action, nor evidence tending to prove a cause of action, against the Wichita Falls & Southern Railroad Company. Neither was there any evidence to show that the court, by any of the means prescribed by law, had acquired jurisdiction to render a judgment of any kind against said corporation. The verdict of the jury was a necessary basis for any judgment that could be rendered, and we can see no warrant whatever for the court to appropriate the verdict as the basis of a judgment against a certainly existing corporation not shown by any pleadings to be a party to the suit.

The judgment, after setting out the verdict of the jury, recited the following: "And it appearing to the court that the Wichita Falls & Southern Railroad Company, during the month of September, 1934, and at all other material times involved in said suit was engaged in operating the line of railway extending through 'Eastland County in a general northwest-to-southeast direction more or less' and being 'the only railway line extending from the town of Ranger in said county to the town of Jakehamon, Texas, and points south' and that 'said railway line passes the town of Desdemona, Texas, about or nearly one mile to the east of said town', the court is of opinion that the plaintiff ought to recover of and from the said Wichita Falls & Southern Railroad Company his damages as found by the jury."

The matters thus recited show clearly the theory upon which the court, although neither the pleadings nor the special verdict of the jury contained any mention of the Wichita Falls & Southern Railroad Company, nevertheless rendered the judgment against it. The court appears to have entertained the view that the facts recited show that there was involved only a matter of identity of the defendant; that they prove its correct name to be the Wichita Falls & Southern Railroad Company; and that the pleadings had therefore misnamed the defendant as the Wichita Falls & Southern Railway Company. In this it seems to us the court was in error. Of course, plaintiff intended to allege a cause of action against that corporation which operated the particular line of railroad and which by reason thereof was charged by law with the duty of maintaining the particular railroad crossing. He alleged that that corporation was the Wichita Falls & Southern Railway Company. In so doing there was no misnomer of the defendant. There was simply a mistake or misunderstanding as to which of two corporations in fact owned or operated the railroad. Having alleged that a particularly-described railroad, as to the identity of which there was no ground for misunderstanding or dispute, was operated by the Wichita Falls & Southern Railway Company, and that corporation, as the sole defendant, having pleaded a general denial, plaintiff had the burden of proving such fact. The undisputed evidence showed that the Wichita Falls & Southern Railroad Company, under a lease from the Wichita Falls, Ranger & Fort Worth Railroad Company, the owner of the road, was the company operating the railroad at the time in question. That evidence had the effect of establishing conclusively that the named defendant, the Wichita Falls & Southern Railway Company, was not liable, unless through the operation of some kind of estoppel against it. This evidence at the same time established conclusively that not a mistake in the name of the defendant had been made by plaintiff in alleging his cause of action and the steps for bringing the defendant into court to answer thereto, but a mistake in the identity of the defendant. If A has a cause of action against B, but mistakenly believes that it is against C and in his suit so alleges, can he, after trying his case against C only, and having the issue established in his favor, but without reference to the identity of the defendant, simply upon evidence disclosing that his cause of action was in fact against B, have the judgment upon the same pleadings and verdict rendered against B without making the latter a party, without service of process upon him, or a waiver of such service, or appearance by him? Merely to propound the question is sufficient, it seems to us, to show the fundamental error in a judgment so rendered. R.S.1925, art. 2050.

■■ The question at issue is not believed to be controlled or effected by the operation of any principle of estoppel. It may be taken to be a fact that plaintiff, when he filed his second amended

original petition, was led into the error of naming as the defendant the Wichita Falls & Southern Railway Company by the conduct and representations of the latter, but we cannot see how that fact could serve as the basis of an estoppel against the Wichita Falls & Southern Railroad Company. The fact that the two corporations had the same president and were represented by the same attorneys did not render one liable for any conduct of such president and/or attorneys while acting alone for the other.

No other question was briefed by plaintiff in error, Wichita Falls & Southern Railroad Company, except "in the event only" of an adverse disposition by this court upon the question already discussed. Upon the contingency stated, said plaintiff in error referred to and adopted as its own the fourth and all subsequent assignments and propositions set forth in the brief of the Wichita Falls & Southern Railway Company. Such assignments and propositions, aside from the fact that they were only urged upon a contingency which does not exist, are generally inapplicable to the Wichita Falls & Southern Railroad Company, and do not require consideration.

It is our conclusion that the judgment of the court below should be reversed, and said cause remanded for further proceedings in the trial court; and it is accordingly so ordered.