COSAND et al. v. GRAY WOLFE CO.

No. 12617.

Court of Civil Appeals of Texas.
Galveston.

Nov. 19, 1953.

Wiesenthal & Stolbun, Bernard S. Stolbun, Houston, for appellants.

Chilton Bryan and E. H. Patton, Jr., Houston, for appellee.

HAMBLEN, Jr., Chief Justice.

The following statement of this case is taken from the statement contained in appellants' brief, which is admitted to be correct by both parties:

This case originated in the District Court of Harris County, Texas. Thelma Cosand and husband, Frank Cosand, sued Gray Wolfe Company, Inc., for damages resulting from an accident upon a public thoroughfare within the city limits of Houston, Texas. Upon the conclusion of the plaintiffs' evidence the defendant moved the court to instruct a verdict in its favor, urging as one ground therefor that the suit was brought against Gray Wolfe Company and service of citation secured on this company whereas the truck and trailer involved in a collision with plaintiffs was owned by Grey Wolf Drilling Company, which latter company was also the employer of C. B. Derrick, driver of the truck. The asserted error of the trial court in granting such motion is the basis for this appeal.

■ We affirm the judgment of the trial court. The facts above stated as ground for defendant's motion are undisputed. In addition the evidence conclusively shows that Gray Wolfe Company, Inc., and Grey Wolf Drilling Company, though having common officers and directorates, are legally separate corporations; that only Gray Wolfe Company, Inc., was served with citation or entered an appearance in the court below and that the driver of the truck at the time of the collision, made the basis of the suit, was furthering only the business of Grey Wolf Drilling Company, his sole employer. This case then is not one involving misnomer of a party-defendant wherein the proper defendant, though misnamed, is before the court and subject to its jurisdiction. This is a case wherein the defendant, against whom plaintiffs' cause

of action, if any, exists, is not before the court and not subject to the court's jurisdiction. As such it falls squarely within and is governed by the rule announced in Gillette Motor Transport Co. v. Whitfield, Tex.Civ.App., 160 S.W.2d 290, and in Wichita Falls & S. R. Co. v. Foreman, Tex. Civ.App., 109 S.W.2d 549.

■■ The record here presented lends no support to the theories of agency and estoppel, upon which appellants apparently seek to escape the controlling effect of the two cited cases. The fact that corporations have common officers and directors is insufficient to establish agency. 10 Tex. Jur. 1019–1020. The two cases above cited are themselves authority for the proposition that mere silence where no duty to speak exists, which is the most this record discloses, falls short of creating an estoppel.

Affirmed.