**E. D. NAIL, Appellant,**

v.

**WICHITA FALLS & SOUTHERN RAILROAD COMPANY, Appellee.**

**No. 15747.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 5, 1956.

Spurlock, Schattman & Jacobs, and Denning Schattman, Fort Worth, for appellant.

Bullington, Humphrey, Humphrey & Fillmore, and H. W. Fillmore, Wichita Falls, for appellee.

RENFRO, Justice.

On May 19, 1952, E. D. Nail filed suit in a district court of Wichita County naming Wichita Falls & Southern Railway Company defendant. The suit was for damages for personal injuries sustained on June 9, 1949, and was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Citation was issued on the day of suit, addressed to Wichita Falls & Southern Railway Company. The sheriff's return showed service on Wichita Falls & Southern Railway Company by delivering citation and copy of petition to "its agent, J. R. Jernigen." The Railway Company answered by general denial.

On February 14, 1955, plaintiff filed a motion for permission to amend his petition by substituting Wichita Falls & Southern Railroad Company as defendant. The motion was granted and the amended petition was filed on that date.

The attorneys for the Railway excepted to the action of the court and announced they were making no appearance for the Railroad.

The case proceeded to trial and judgment was rendered for plaintiff. Thereafter, the Railroad filed motion for new trial, which was granted.

The Railroad, on December 1, 1955, filed an answer specially excepting to plaintiff's petition as a whole because it showed on its face that the alleged injury occurred June 9, 1949, and that more than three years elapsed before plaintiff filed his amended petition on Feburary 14, 1955, wherein he, for the first time, made the Railroad a defendant, and set out that the Railroad had never been served with citation and had never entered appearance or waived the issuance of citation.

After a hearing, at which plaintiff and the Railroad introduced evidence, the trial court sustained the limitation plea and dismissed the Railroad from the suit.

The appellant contends the court erred in dismissing the action since the change of the corporate name of defendant merely constituted the correction of a misnomer.

The evidence shows that the Wichita Falls & Southern Railroad Company and the Wichita Falls & Southern Railway Company were separate and distinct corporations. J. R. Jernigen was not an official of the Railway and had no connection with it, but was Assistant General Manager of the Railroad. The Railway had a president and a secretary, neither of whom was an officer of the Railroad. None of the officers of the Railroad were officers of the Railway. Both corporations had charters and both paid franchise taxes, although an employee of the Railroad filled out the franchise forms for the Railway. Both corporations used the same firm of lawyers as general attorneys. The Railroad operated a line of railroad in interstate commerce in 1952. The Railway was not operative

in 1952 but was in good corporate standing and had outstanding about $729,000 in bonds.

In Gifford v. Wichita Falls & S. Ry. Co., 224 F.2d 374, the Fifth Circuit held in a similar situation that the plaintiff should be allowed to amend in Federal District Court as a procedural matter governed by Federal law and Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The Texas courts, however, have held in cases involving the identical companies in the instant case that the two companies are separate and distinct identities, and the trial court could not acquire jurisdiction of the one that should have been sued in the absence of an answer or appearance by such company.

The question of identity or misnomer of the same two companies was before this court in Gillette Motor Transport Co. v. Whitfield, 160 S.W.2d 290, 293. Speaking for the court, Chief Justice McDonald said: "If there had been no company bearing the name of Wichita Falls & Southern Railway Company, we might have a case of misnomer of parties. But there was such a company. * * * There is nothing in the record to show that the railroad company was responsible in any degree for the mistake made by plaintiff and the truck company in suing the wrong company. The act of the railway company in answering and appearing, even if it had not been properly served, would not be enough to bring the railroad company before the court. A conclusion on the part of the railway company that it was not liable, or knowledge that it was not the plaintiff's employer and was not the owner or operator of the railroad, would not impose upon it any duty to apprise plaintiff and the truck company in advance of the trial that they had sued the wrong company. Nor would mere knowledge by the railroad company of such facts be enough to substitute it for the railway company as a party to the suit."

The above case was cited with approval in Hunt v. Employers Reinsurance Corporation, Tex.Civ.App., 219 S.W.2d 483, and Cosand v. Gray Wolfe Co., Tex.Civ. App., 262 S.W.2d 547.

Prior to the Gillette case, supra, the Eastland Court of Civil Appeals discussed the question of misnomer versus identity regarding these two companies in Wichita Falls & S. R. Co. v. Foreman, Tex.Civ. App., 109 S.W.2d 549, 552. After setting out quite fully the organization and functions of the two companies, Justice Funderburk wrote: "Of course, plaintiff intended to allege a cause of action against that corporation which operated the particular line of railroad * * *. He alleged that that corporation was the Wichita Falls & Southern Railway Company. In so doing there was no misnomer of the defendant. There was simply a mistake or misunderstanding as to which of two corporations in fact owned or operated the railroad." The court held that judgment against the Railroad Company was fundamental error.

■ The rule applied in cases of misnomer of defendant cannot be extended to cover and include another entirely distinct person from the one sued. West v. Johnson, Tex.Civ.App., 129 S.W.2d 811, error refused.

■ In our opinion the amended petition, in so far as the Railroad was concerned, under the record before us, was the beginning of a new suit by plaintiff as distinguished from the recovery sought in the original petition against the Railway Company. The amendment does not, in such a case as this, where recovery is sought against a new and different party, fall within the rule that proper amendment of pleadings will toll limitation from the date suit was instituted. The plaintiff sued the wrong company and did not attempt to correct the mistake until limitation had precluded a recovery against the Railroad Company.

Under the explicit provisions of Title 45 U.S.C.A. § 56, no action shall be maintained for causes of action such as alleged by plaintiff herein unless brought within three years from the day the cause of action accrued.

According to plaintiff's petition he was injured on or about June 9, 1949. No attempt was made to make the Railroad a defendant until February 14, 1955, when the amended petition was filed.

The order of the trial court sustaining the plea of limitation is sustained by the record.

Affirmed.