Charles KRENEK, Appellant,

v.

EPPS SUPER MARKET NO. 2, INC., Appellee.

No. 11159.

Court of Civil Appeals of Texas.

Austin.

March 25, 1964.

Thompson, Hippard & Gibson, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Russell Talbott, Larry W. Starr, Houston, for appellee.

HUGHES, Justice.

. On September 19, 1961, appellant, Charles Krenek, filed suit against Epps Super Mar-

ket, Inc., "with a place of business and an agent for service at 1356 Federal Road in Houston, Harris County, Texas," alleging that "on or about January 12, 1961, during the afternoon plaintiff went to defendant's super market No. 2 and while in the store, slipped on the floor" and sustained personal injuries.

On October 19, 1961, Epps Super Market, Inc., answered by filing exceptions, a general denial, and by pleading contributory negligence, that the condition of the floor was open and obvious and that the doctrine of volenti non fit injuria was applicable.

On January 24, 1963, Epps Super Market, Inc., filed motion for summary judgment, one of the grounds therefor being that "Neither this defendant nor any of its employees or agents own or occupy the premises upon which plaintiff claims to have fallen, the same being owned and occupied by a corporation existing separately and distinctly from this defendant."

Attached to this motion was a portion of the deposition of Mr. Charles Edward Krenek showing that he was injured in "Epps Super Market." Also attached to the motion was an affidavit of Mr. James C. Epps, Jr., which recited that he was President of Epps Super Market, Inc., whose place of business was located at 1356 Federal Road in Houston; that such Corporation did not own any interest in or have anything to do with the operation of the business located at 8427 East Houston Road, known as Epps Super Market No. 2, Inc., which business was a corporation separate and distinct from the Corporation of which he was President. The affidavit further stated. "It has been brought to my attention that Mr. Krenek claims to have slipped at Epps Super Market No. 2, Inc., located at 8427 East Houston Road. As previously stated, that is now and was on January 12, 1961, and at all times thereafter, a different corporation." This motion for summary judgment was granted February 13, 1963, decreeing that Epps Super Market, Inc., go hence with its costs without day

but providing that "Plaintiff is granted leave to amend his petition."

No appeal was perfected from the above summary judgment.

On February 19, 1963, appellant amended his pleading and sued only Epps Super Market No. 2, Inc., a corporation located at 8427 East Houston Road in Houston alleging the same cause of action alleged in his suit against Epps Super Market, Inc.

Appellee filed a motion for summary judgment one of the grounds being that appellant's suit was barred by the two year statute of limitations. Art. 5526, Vernon's Ann.Civ.St. This motion was granted and judgment was rendered that appellant take nothing by his suit and that appellee go hence without day with its costs, from which judgment this appeal was perfected.

Unless the amendment by which appellee was brought into this suit is but a continuation of the original suit and not the commencement of a new suit, then it clearly appears that appellant's suit is barred by the two year statute of limitations. The contention of appellant is that he did not originally sue the wrong party, that he sued the right party by the wrong name. He also contends that appellee is estopped to assume the position that it was first sued when the Amended Petition was filed and to claim the benefits of such position.

The record in this case discloses:

The officers of the two corporations, Epps Super Market, Inc. and Epps Super Market No. 2 are, and have always been, the same. Before the amendment bringing in the No. 2 Corporation, appellant took the deposition of Charles D. McCullen, manager of Epps Super Market No. 2, Inc., from which we quote:

"Q Where do you work, Mr. McCullen?

"A Epps Super Market.

"Q Where is that located?

"A 8427 East Houston Road.

"Q What is your title or position there?

"A Manager.

"Q Do they have other stores of the same name?

"A Yes, sir.

"Q How many stores do they have?

"A Three."

This deposition was taken prior to the expiration of two years from the date appellant was injured.

The return on the citation issued to Epps Super Market, Inc. shows service on September 25, 1961, by delivery to "G. E. Hammond, in person, Store Mgr. agent of the said" Corporation a true copy etc.

The return on the citation issued to Epps Super Market No. 2, Inc. shows service on February 20, 1962, by delivery to "Thomas A. Kysh (Asst. Mgr), in person, of" said Corporation a true copy etc.

The deposition of appellant was taken on June 19, 1962, when the defendant was Epps Super Market, Inc. We quote all of his testimony having any possible relevance on the points before us:

"Q Now, Krenek, I am representing Epps Supermarket, I am the attorney for them, they are the people you are suing here. Do you understand that?

"A Yes, sir.

        *       *       *       *       *       *

"Q Now, when was this accident?

"A The 12th of January.

"Q Last year?

"A Yes, sir.

"Q Where?

"A At Epps Supermarket.

        *       *       *       *       *       *

"Q How long would you say you had been in the rain before you got to the store?

"A You mean inside the car?

"Q Yes, how long had it been raining, in other words, to your knowledge, there?

"A From the time I hit Jensen Drive until I got over to East Houston Road.

\*　\*　\*　\*　\*　\*

"A Yes, sir, so you can get in the inside there. And I noticed Chuck coming from the office, and when I met him I told him that I had slipped down on some water.

"Q Is that Chuck McCullen?

"A I don't know his last name, Chuck is all I have ever known.

"Q Was he the same man that you saw up here just a few minutes ago?

"A Yes, sir. He was the assistant manager at the store."

■ It is our opinion that appellant having first sued an existing corporation cannot dismiss as to such corporation and sue another separate and distinct corporation without, as to such latter corporation, be deemed as having instituted a new suit and subjecting himself to all defenses, including limitations, available to such corporation. The law on this point is so well settled that we cite, without discussion, sustaining authorities, towit:

Nail v. Wichita Falls & Southern Railroad Co., 294 S.W.2d 431, Fort Worth Civil Appeals, Cosand v. Gray Wolfe Co., 262 S.W.2d 547, Galv.Civ.App., Gillette Motor Transport Co. v. Whitfield, 160 S.W.2d 290, Fort Worth Civil Appeals, Wichita Falls and Southern Railway Co. v. Foreman, 109 S.W.2d 549, Eastland Civil Appeals.

■ As previously shown Epps Super Market, Inc., was sued and service issuing out of such suit was obtained upon G. E. Hammond, its store manager. There is no showing that G. E. Hammond had any connection with Epps Super Market No. 2, Inc. In response to such service Epps Super Market, Inc., appeared and answered. Thus a legal entity was sued, served and appeared. There was no misnomer. There was a mistake in identity. The wrong Corporation was sued. Unless Epps Super Market No. 2, Inc., is responsible for such mistake to the extent that it is estopped to rely thereon, then the summary judgment for it was correct since appellant's cause of action is barred by Art. 5526, supra.

The point as to estoppel is based, as we understand it, primarily on the fact that Mr. Charles D. McCullen, Manager of the store at 8427 East Houston where appellant was injured, testified by deposition when the defendant was Epps Super Market, Inc. We have set forth above all of the testimony of Mr. McCullen which appears in the record. Mr. McCullen testified that he worked for and was manager of "Epps Super Market" located at 8427 East Houston Road.

This testimony is not shown to be untrue. In fact, the record is undisputed that it is true. Mr. McCullen was not asked if Epps Super Market was a Corporation and if so what its Corporate name was.

Mr. McCullen was also asked if there were other stores of the same name and he replied that there were three. There is nothing in the record to disprove this statement.

Appellant also mentions in this regard that the officers of the two Epps Corporations were the same and that the same legal counsel represented them. These facts are completely lacking in probative value on the question of estoppel. They do not tend to prove any fact upon which appellant could base the estoppel he claims. In Wichita Falls and Southern Ry. Co. v. Foreman, supra, the Court said, "The fact that the two corporations had the same president and were represented by the same

attorneys did not render one liable for any conduct of such president and/or attorneys while acting alone for the other."

The judgment of the Trial Court is affirmed.

Affirmed.