**Sallie Mae TURNER, a Widow, Appellant,**

**v.**

**INDEPENDENT UNION OF COLORED LA-BORERS OF TEXAS, Appellee.**

**No. 14587.**

Court of Civil Appeals of Texas.

Houston.

June 17, 1965.

Rehearing Denied July 8, 1965.

Herman W. Mead, Houston, for appellant.

F. Warren Hicks, Houston, for appellee.

COLEMAN, Justice.

Appellant brought suit against appellee for death benefits claimed due to her from appellee by reason of the death of her husband, John Turner. The case was submitted to a jury which answered all issues favorably to appellant. The trial court sus-

tained appellee's motion for judgment notwithstanding the verdict and entered judgment that appellant take nothing.

■ The judgment of the trial court must be affirmed. The Independent Union of Colored Laborers of Texas is an organization composed of ten or more local lodges formed for the purpose of giving "material aid to its members in sickness and distress and to further the interest of the negro race in all fields or lines of endeavor." The constitution of the organization, which was introduced into evidence by appellant, reflects that it was founded by a group of seventeen men, who made themselves the Supreme Council and promulgated the constitution. This document provides that the Supreme Council shall consist of seventeen members and shall be composed of the organizers and such councilmen as the Council may elect to membership. Members of the local lodges, therefore, have no voice in selecting the membership of the Supreme Council. The organization does not qualify as a fraternal benefit society in that it does not have a representative form of government as defined by Articles 10.01 and 10.03 of the Insurance Code of Texas, V.A.T.S.

■ The evidence shows that John Turner was a member of the organization and of Lodge No. 2. Each lodge has its own officers. A member may transfer from one lodge to another only on approval of the lodge to which transfer is desired.

Article X of the Constitution of the Union, entitled "Death benefits", provides:

"Section 1. No branch of this organization shall pay death benefits to any member who fails to pay the Burial Fund assessments within thirty (30) days after initiation.

"Section 2. No branch shall pay death benefits to any beneficiary when said member fails for (30) days after death of a member to pay such sum that may be required of them by the branch of which they are members.

\* \* \*

"Section 4. A member paying his or her Burial Fund assessment upon date of initiation will be entitled to Death benefits if death occurs before the expiration of thirty (30) days a sum shall be paid in proportion to the expired days of membership; for example, if death occurs within fifteen (15) days, the payment would be one-half as much as would be payable in thirty (30) days. If death occurs after thirty (30) days, then the Lodge will pay a sum which will be considered a full benefit. Members shall be assessed for death payments in keeping with the above article.

"When notification of the death of a member has been posted upon a bulletin board located at place of regular meetings for thirty (30) days following death of member, this shall be taken as a conclusive evidence of notification. Members out of this city shall be furnished written notice by the Secretary of the branch in which they have membership."

The only reasonable construction of these provisions is that each local lodge shall pay death benefits, in an amount to be determined by the lodge, to the beneficiary of a member who dies, such member having timely paid all burial fund and death benefit assessments.

The evidence establishes that the death benefit assessment is $1.00. There is no evidence as to how beneficiaries are named or determined. Apparently no certificates are issued. In any event, no certificate naming a beneficiary or containing a promise to pay death benefits in any amount or to any particular person was introduced into evidence.

While the constitution gives the Supreme Council certain powers to discipline members, as well as lodges, that refuse to be

governed by the laws, rules and regulations, there is nothing in the constitution giving the Supreme Council control over the funds of the Local Lodge, and there is no evidence of any other laws, rules or regulations.

We think appellant's cause of action, if any she has, is against Independent Union of Colored Laborers, Lodge No. 2, and not against the organization generally. The constitution provides for payment by the Local Lodge of such benefits as it might establish as death benefits. Neither the Grand Council, the other Lodges, nor the general membership, have contracted expressly, or impliedly by reason of membership in the organization, to pay death benefits to John Turner's beneficiary. This was the obligation of Lodge No. 2 and its membership.

In appellant's brief the following statement is found:

"Appellants cause of action was reflected in her petition. It was based upon contention that her husband John Turner was a member in good standing of the Independent Union of Colored Laborers of Texas and she sued such organization, which was the exact name of the grand lodge of the organization.

"Appellee, the grand lodge, known as the Independent Union of Colored Laborers of Texas answered by way of general denial and by further special defense that John Turner was 'unfinancial' or in other words he was delinquent in his dues."

We take it by these statements appellant takes the position that she properly sued the general organization, or as she puts it, the grand lodge, and that the grand lodge properly answered her suit. In such case the judgment of the trial court is correct because she failed to prove that the grand lodge had agreed to pay death benefits.

Lodge No. 2 is a distinct legal entity from the parent organization. Appellant sued a legal entity, which answered the suit. There was no misnomer. There was a mistake in identity. The wrong party was sued. Gillette Motor Transport Company et al. v. Whitfield, Tex.Civ.App., 160 S.W.2d 290; Wichita Falls & Southern Ry. Co. v. Foreman, Tex.Civ.App., 109 S.W. 2d 549; West v. Johnson, Tex.Civ.App., 129 S.W.2d 811, writ ref.; Krenek v. Epps Super Market No. 2, Inc., Tex.Civ.App., 377 S.W.2d 753.

Judgment affirmed.