**L. J. FLOWERS, Individually, and d/b/a Flowers Tank Company, Appellant,**

v.

**STEELCRAFT CORPORATION, Appellee.**

**No. 7548.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 20, 1965.

Rehearing Denied Jan. 17, 1966.

Robinson & Fotheringham, Amarillo, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellee.

DENTON, Chief Justice.

L. J. Flowers, individually and d/b/a Flowers Tank Company brought suit on a sworn account against Steelcraft Corporation, a Texas corporation. The trial court sustained the defendant's plea in abatement and dismissed the plaintiff's cause of action. The plaintiff has timely perfected this appeal.

The plaintiff alleged the defendant corporation was indebted to him in the amount of $5,954.68, plus attorneys' fees, for personal services rendered and labor for the erection of storage tanks in Granada, Colorado, at the instance and request of the defendant. The petition alleged a cause of action against "Steelcraft Corporation, a Texas corporation", and personal service was had by serving Walter House, Jr., president of the Texas corporation. The defendant answered by general denial and plea in abatement which alleged the defendant was not liable in the capacity in which it was sued. Attached to the answer was the affidavit of Willard F. Dodd which denied Steelcraft Corporation, a Texas corporation, at any time ordered or received any merchandise or equipment from the plaintiff; and that the said Texas corporation never at any time entered into any contract for the erection of tanks at Granada, Colorado. The affidavit also contains the following statement:

"Affiant states that one Mark A. Taylor, shown on the purchase order attached to said Exhibit 'A', is the registered agent for service of a Colorado corporation, incorporated as 'Steelcraft Corporation' in that state with address at 10 Highland, Lamar, Colorado."

A separate hearing was held on the plea in abatement. It was undisputed the corporate officers of the Texas corporation were Walter J. House, Jr., president; Willard F. Dodd, vice-president; and Verna House, secretary-treasurer. The corporate officers of the Colorado corporation were Willard F. Dodd, president; Mark A. Taylor, vice-president; and Walter J. House, Jr., secretary-treasurer. The purchase order in question was made to "Steelcraft Corporation, Box 3499, Amarillo, Texas." It described the tanks to be erected by the plaintiff and the amount to be paid and was signed "Steelcraft Corporation, Purchasing Agent, per Mark A. Taylor." A telegraphic confirmation sent from Amarillo, Texas, was signed "Steelcraft Corporation, Willard Dodd." Other communications were introduced into evidence, but none of them spelled out which

corporation the sender was representing, with the exception of a letter of June 6, 1963, which was signed "Steelcraft of Colorado, Mark A. Taylor, Vice-President." This letter, written several months after Flowers had completed the work, informed Flowers that the tanks were not "gas tite", and that additional work was required to make them so. .

■ The fundamental distinction between a plea in bar and a plea in abatement is that a plea in bar is calculated to defeat the asserted cause of action altogether and for all time; while a plea in abatement merely defeats the present proceeding. Taliaferro v. Warren, (Tex.Civ. App.), 30 S.W.2d 393; City of Denton v. White, (Tex.Civ.App.), 179 S.W.2d 834, (Error Refused, W.M.); 1 Tex.Jur.2d, Abatement and Revival, Section 4, page 20. The matters set out in appellee's plea were matters in abatement rather than in bar. No attempt was made to attack appellant's cause of action as such. It is not alleged appellant had no cause of action for the alleged labor and services rendered, but that the cause of action was not being brought against the proper defendant. We think appellee's plea in abatement was the appropriate plea under the circumstances.

■ The affidavit of Willard Dodd, together with the additional testimony offered, conclusively shows there were two separate and distinct corporations with the identical name of "Steelcraft". One was a Texas corporation and the other a Colorado corporation. Some of the stockholders were common to both corporations, but each had a stockholder not common to the other. Dodd, a stockholder in both corporations, was president of the Colorado corporation and vice-president of the Texas corporation. Walter J. House, also a common stockholder, was president of the Texas corporation and vice-president of the Colorado corporation. Mark A. Taylor, the vice-president of the Colorado corporation, was neither a stockholder nor a corporate officer of the Texas corpora-

tion. There is nothing in this record to indicate he had any connection whatsoever with the Texas corporation. Appellant performed the work in the State of Colorado, and there is positive testimony the Texas corporation was not engaged in any business activities in Colorado. Mr. Flowers testified he was told to forward the statement to an Amarillo address, and that he was under the impression he was dealing with a Texas corporation. This testimony is not material nor persuasive. There are no allegations of fraud or misrepresentations on the part of appellee or its officers. Appellant does not plead nor urge estoppel. We are of the opinion, and so hold, the evidence supports the material allegations of appellee's plea in abatement.

■ This is not a case where a plaintiff sues one of two corporations having similar names. In such cases it has been held that a party who has been sued may, under some circumstances, be bound by the judgment rendered even though there has been some mistake in his name as set out in the pleadings, citation, and judgment. Abilene Independent Telephone & Tel. Co. v. Williams, 111 Tex. 102, 229 S.W. 847. In the instant case we have a situation where there is a mistake as to which of two corporations is liable and the plaintiff sues the wrong corporation. We think this is true even though it may be argued Flowers did not realize there were in fact two corporations. The citation gave the name of the defendant as "Steelcraft Corporation, a Texas corporation" and was returned as served on "Steelcraft Corporation by serving Walter House, Jr., President." It is undisputed Mr. House was president of the Texas corporation. The Colorado corporation was not a party to this suit and had no notice of it. We conclude this case is governed by the reasoning and rule laid down by the following authorities: Nail v. Wichita Falls & Southern Railroad Co. (Tex.Civ.App.), 294 S.W.2d 431; Cosand v. Gray Wolfe Co. (Tex.Civ.App.), 262 S.W.2d 547; Gillette Motor Transport Co. v. Whitfield, Tex.

Civ.App., 160 S.W.2d 290; Krenek v. Epps Super Market No. 2, Inc., Tex.Civ.App., 377 S.W.2d 753. These cases hold that if the wrong person or corporation is sued, the court does not in the absence of an answer or appearance acquire jurisdiction of the person or corporation who should have been sued even if the pleadings are amended. Where it was established by probative evidence that the appellee was not the corporation liable for the services sued upon and it was the only party defendant, the trial court properly dismissed the suit.

The judgment of the trial court is affirmed.