**Leslie STESSEL et ux., Appellants,**

**v.**

**BEKINS VAN & STORAGE COMPANY et al., Appellees.**

**No. 14924.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 9, 1970.

Rehearing Denied Jan. 6, 1971.

William H. Price, San Antonio, for appellants.

Foster, Lewis, Langley, Gardner & Hawn, San Antonio, for appellees.

BARROW, Chief Justice.

Appellants, Leslie Stessel et ux., brought this suit against Bekins Van & Storage Company, Bekins World-Wide Moving & Storage Company and Missouri Pacific Railroad Company to recover for the damages to their household effects while being shipped from Bremerton, Washington, to San Antonio, Texas. Settlement was made by appellants with Missouri Pacific for the sum of $23.50, pursuant to a limitation of liability in the bill of lading. A take-nothing summary judgment was granted as to the other two defendants, and appellants have duly perfected this appeal from a judgment disposing of all three defendants.

Appellee, Bekins *Van* & Storage Company, is a Texas corporation whose stock is wholly owned by Bekins Van & Storage Company of California, and the summary judgment was based on its contention that it had nothing to do with the shipment of appellants' goods. The uncontradicted evidence establishes that there is no such entity as Bekins World-Wide Moving & Storage Company. "Bekins World-Wide Moving & Storage" is apparently a slogan of the Bekins Van & Storage Company.

Appellant Leslie Stessel entered into a written contract in Bremerton on November 16, 1965, with the Bekins *Moving* & Storage Company to transport three cartons and two barrels of household effects to San Antonio. The goods arrived in San Antonio via Missouri Pacific Railroad Company sometime in January, 1966, in a damaged condition. Stessel contacted the San Antonio office of Bekins Van & Storage Company of Texas and was furnished a form for submission of a claim to the insurance company who had purportedly insured said shipment. After this insurance claim was rejected for undisclosed reasons, appellants had some communication with the general counsel of Bekins Van & Storage Company of California before the claim was rejected by it.

Under the uncontradicted record, Bekins Van & Storage Company of California is the parent corporation of some twenty corporations formed in various states including Bekins Van & Storage Company of Texas. This California corporation has no connection with Bekins Moving & Storage Company of Washington. Bekins Van & Storage Company of California was founded in 1891, by Martin and John Bekins. In 1903, a younger brother, Daniel Bekins, went to Seattle, Washington, where he founded the business known as Bekins Moving & Storage Company, which now operates as three separate corporations in the states of Washington, Oregon, and Idaho.

Bekins of California operates as an interstate carrier of goods through Bekins

Van Lines Company, which uses agents throughout the United States to book interstate transportation business. One of such agents is Merchants Parcel Delivery, Inc. of Bremerton, Washington; and whenever Merchants books interstate shipments to be carried by Bekins Van Lines Company, it is paid a percentage of the commission. The contract between appellants and Bekins Moving & Storage Company shows that the goods were stored at Merchants warehouse. However, the record is undisputed that the goods were shipped by railroad, and Bekins Van Lines Company had no connection with the shipment.

Thus, it is seen that although the names of the two corporations are somewhat similar by reason of common surname, appellants' contract was with Bekins Moving & Storage Company, a Washington corporation, and that neither appellee Bekins Van & Storage Company, a Texas corporation, nor its parent corporation, Bekins Van & Storage Company of California, had anything whatsoever to do with this shipment. Appellants' cause of action is against Bekins Moving & Storage Company and not Bekins Van & Storage Company. This presents a clear case of mistaken identity and not of misnomer.

■ The Texas Courts hold that where there are two separate and distinct corporations and the wrong corporation is sued through mistaken identity, no judgment can rightfully be rendered against it. Thomas v. Cactus Drilling Corp. of Texas, 405 S.W.2d 214 (Tex.Civ.App.—Austin 1966, no writ); Turner v. Ind. Union of Colored Laborers of Texas, 392 S.W.2d 547 (Tex.Civ. App.—Houston 1965, writ ref'd n. r. e.); Krenek v. Epps Super Market No. 2, Inc., 377 S.W.2d 753 (Tex.Civ.App.—Austin 1964, no writ); Nail v. Wichita Falls & Southern Railroad Co., 294 S.W.2d 431 (Tex.Civ.App.—Fort Worth 1956, no writ); Cosand v. Gray Wolfe Co., 262 S.

W.2d 547 (Tex.Civ.App.—Galveston 1953, no writ).

Here a legal entity, Bekins Van & Storage Company of Texas, was sued, and it appeared and filed its answer. However, appellants' cause of action is against Bekins Moving & Storage Company, a separate entity. There was no misnomer, but rather a mistake in identity, and the wrong party was sued.

■ Appellants urge that even if appellee Bekins Van & Storage Company had no part in the shipment of their household effects, it is liable because of the part it took in investigating appellants' claim. There are no pleadings of such a cause of action, and it is difficult to conceive how such conduct could be the basis of a claim by appellants for damage to their goods. Nevertheless, there is not sufficient evidence in this record to raise an issue of estoppel against appellee. All that appellee did was to furnish a form to appellants for filing a claim and to initiate an investigation of the claim through its parent corporation. In Gillette Motor Transport Co. v. Whitfield, 160 S.W.2d 290 (Tex.Civ.App. —Fort Worth 1942, no writ) and in Krenek v. Epps Super Market No. 2, Inc., supra, a somewhat similar claim of estoppel was rejected; although the facts showed that in each of these cases, the two corporations were closely related, and the wrong party did not point out the mistake until after limitations had run.

The trial court properly granted the take-nothing summary judgment for appellees under the uncontradicted record that there is no such entity as Bekins World-Wide Moving & Storage Company, and that Bekins Van & Storage Company, a Texas corporation, had nothing whatsoever to do with the shipment of appellants' household effects.

The judgment is affirmed.