Robin **BARNES** et al., Appellants,

v.

**CONTINENTAL TRAILWAYS, INC.,**
Appellee.

No. 4491.

Court of Civil Appeals of Texas,
Eastland.

Oct. 15, 1971.

———◆———

Burnett & Childs (Bob Hoblit), Odessa,
for appellants.

McMahon, Smart, Sprain, Wilson &
Camp, John P. Camp, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a summary judgment case. Appellants, Robin Barnes and wife, Charlotte Barnes, and Jerry Reeves and wife, Lois Reeves, sued appellee, Continental Trailways, Inc., seeking damages for personal injuries sustained as a result of a collision between the car in which appellants were riding and a bus. Continental Trailways, Inc., filed a motion for summary judgment contending it was not the owner of the bus in question or the employer of the bus driver. The trial court granted appellee's motion for summary judgment and the appellants appeal. We affirm.

The summary judgment evidence showed that the owner of the bus in question was American Buslines, Inc., a Delaware corporation, with a permit to do business in Texas; that appellee, Continental Trailways, Inc., was not a common carrier for the transportation of passengers in Texas and did not own or operate buses in Texas; that Continental Trailways, Inc., and American Buslines, Inc., were separate and distinct corporate entities; and, that the bus in question bore the name "Continental Trailways" and "Continental Trailways" was a business name used by American Buslines, Inc.

■ The rule is well established that where there are two separate and distinct corporations and the wrong corporation is sued through mistaken identity, no judgment can rightfully be rendered against it. Thomas v. Cactus Drilling Corporation of Texas, 405 S.W.2d 214 (Tex.Civ.App.1966, no writ); Krenek v. Epps Super Market No. 2, Inc., 377 S.W.2d 753 (Tex.Civ.App. 1964, no writ); Nail v. Wichita Falls & Southern Railroad Company, 294 S.W.2d 431 (Tex.Civ.App.1956, no writ); Stessel v. Bekins Van & Storage Company, 461 S. W.2d 434 (Tex.Civ.App.1970, no writ).

■ A legal entity, Continental Trailways, Inc., was sued and it appeared and answered. However, appellants' cause of action is against a separate and distinct corporate entity. There was no misnomer, but rather a mistake in identity and the wrong party was sued.

Appellants contend that a material fact question is raised as to the existence of a partnership between appellee and American Buslines, Inc. Appellants' summary judgment evidence shows only that American Buslines, Inc., the owner and operator of the bus in question, uses the name "Continental Trailways". We are of the opinion that there is no genuine issue as to the existence of a partnership between appellee and American Buslines, Inc.

■ Appellants filed a supplemental petition alleging that American Buslines, Inc., was an apparent agent for Continental Trailways, Inc., and that any negligent act of American Buslines, Inc., or its employees proximately causing the collision, would be the act of Continental Trailways, Inc. The doctrine of apparent authority is based on the doctrine of estoppel. 2 Tex. Jur.2d 481, Agency, Sec. 43.

■ When a party moves for summary judgment in an action in which the other party has pleaded an affirmative defense, such as estoppel, the moving party is entitled to a summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless the other party comes forward with a showing that there is such a disputed fact issue upon the affirmative defense. Gulf, Colorado & Santa Fe Railway Company v. McBride, 159 Tex. 442, 322 S.W.2d 492 (Tex.Sup.1958). We hold that appellants have not met the required burden.

■ Appellants argue that American Buslines, Inc., has chosen the trade name "Continental Trailways" and may be sued in such business name. Appellants sued the Texas corporation, Continental Trailways, Inc. They did not sue American Buslines, Inc., d/b/a Continental Trail-

ways. They did not sue "Continental Trailways" the name on the side of the bus and the name under which American Buslines, Inc., was operating at the time and on the occasion in question. Instead, appellants sued a separate and distinct corporation which neither owned nor operated buses. Appellants' contention is overruled.

■ Appellants also seek to invoke the doctrine of equitable estoppel. They predicate their theory upon the contention that the appellee had a duty to inform them as to who owned and operated the bus. This position has been previously urged in cases of mistaken identity, and the authorities are to the contrary. Cosand v. Gray Wolfe Company, 262 S.W.2d 547 (Tex. Civ.App.1953, no writ); Thomas v. Cactus Drilling Corporation of Texas, supra;

Krenek v. Epps Super Market No. 2, Inc., supra.

■ Furthermore, a party claiming estoppel must have used due diligence to ascertain the truth of the matters upon which he relies in acting to his detriment. Barfield v. Howard M. Smith Company of Amarillo, 426 S.W.2d 834 (Tex.Sup.1968).

We are of the opinion that the bus driver's deposition put appellants on notice that the bus driver was not employed by appellee but by some other entity. After such notice, appellants did not seek to discover the owner and operator of the bus in question by the available rules and procedures.

We have considered all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.