Jimmy Guss THOMAS, Appellant,

v.

CACTUS DRILLING CORPORATION
OF TEXAS, Appellee.

No. 11413.

Court of Civil Appeals of Texas.

Austin.

June 29, 1966.

John J. Watts and James D. Cunningham, Odessa, for appellant.

Hardeman, Smith & Kever, Lee Arnett and Kenneth P. Courtright, San Angelo, for appellee.

HUGHES, Justice.

This appeal is from a summary judgment rendered in favor of Cactus Drilling Corporation of Texas, appellee, on the ground that the suit brought against it by Jimmy Guss Thomas, appellant, for damages for personal injuries allegedly sustained by him as a result of negligence of appellee was barred by the two year statute of limitations. Art. 5526, Vernon's Ann. Tex.Civ.St.

Appellant has three points of error but they are all controlled by the major premise that in bringing his suit he, by inadvertence, misnamed the party he intended to sue as the "Cactus Drilling Company, a Corporation," rather than naming the true defendant, "Cactus Drilling Corporation of Texas." This mistake was not discovered until more than two years had passed after the cause of action accrued.

We must determine whether, under the undisputed facts, a mere misnomer has occurred or the wrong party sued. If the right party has been sued and served by the wrong name, there is a pure misnomer which may be corrected, but if not corrected the validity of a judgment against the true defendant is not thereby affected. Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840. If it is made to appear that the wrong party has been sued and served, then no judgment can rightfully be rendered against him.

The facts in this case are:

Appellant's cause of action accrued December 19, 1960. Appellant filed suit on April 27, 1961 in the District Court of Dawson County against Cactus Drilling Company, a Corporation, alleging its registered agent for service to be F. M. Late. Citation issued the same day and was served May 1, 1961, by serving F. M. Late, its agent. Cactus Drilling Company filed a plea of privilege asserting its right to be sued in Tom Green County, and an answer, in general terms, subject to such plea. This plea was sustained December 18, 1961.

After the case reached Tom Green County, Cactus Drilling Company filed, June 16, 1964, an amended answer but, other than by general denial, did not suggest that appellant had sued the wrong party. In fact it alleged affirmative defenses of unavoidable accident, contributory negligence and assumption of risk.

On August 18, 1965, appellant filed an amended petition. On September 15, 1965, Cactus Drilling Company filed its motion for summary judgment in which it stated:

"The affidavit of Bruce Bacon which is attached hereto and made a part hereof for all purposes shows, and it is a fact, that CACTUS DRILLING COMPANY could not in anywise be responsible for any alleged injuries suffered by the said Jimmy Guss Thomas for the reason that the said CACTUS DRILLING COMPANY had nothing to do with the work being done at the time and place set out in Plaintiff's Petition, where he is alleged to have received his injuries. The employees whom he charges with negligence were employed solely by CACTUS DRILLING CORPORATION OF TEXAS, a separate and distinct legal entity. None of such employees were employed by CACTUS DRILLING COMPANY and CACTUS DRILLING COMPANY, therefore, could not in anywise be responsible to Plaintiff herein."

These statements were not controverted.

On September 23, 1965, appellant filed an amended petition in which he alleged a cause of action against Cactus Drilling Corporation of Texas and procured service of process on F. M. Late, alleged in such petition to be its registered agent for service. Cactus Drilling Company was also named a defendant in this pleading.[1]

After filing answer, appellee, on October 19, 1965, filed its motion for summary judgment on the ground that appellant's cause of action was barred by the two year statute of limitations.

Appellant replied to this motion for summary judgment and took depositions which reflect that F. M. Late was the majority stockholder and president of both corporations sued and that both corporations had the same insurance carrier. The two corporations had separate offices. The process served on Mr. Late in 1961 was delivered to the insurance carrier and within two weeks thereafter it and the manager of appellee knew that the workmen involved in the incident giving rise to the suit were employees of appellee and were not employees of the Cactus Drilling Company.

It is clear to us from the above facts that this is not a mere misnomer situation, but a case of mistaken identity. There were two distinct corporations, both correctly named in the record.

There is a similarity in the names of the two corporations and this coupled with the fact that both corporations had the same registered agent for service compounds the confusion and, no doubt, accounts for the mistake made by appellant.

We are not advised of any illegality in this arrangement, and we find none.

It is our opinion that this case is controlled by our decision in Krenek v. Epps Super Market No. 2, Inc., Tex.Civ.App., 377 S.W.2d 753, n. w. h., and authorities there cited.

The principle of these cases is simple. If a person thought to be named A is sued and served under that name the judgment against him is valid even though his name is B. But if one has a cause of action against a person whose name is A and there is another person with the same or similar name, service on the person against whom one has no cause of action will not support a judgment against the one amenable to the cause of action asserted.

These rules are not unreasonable. Our statutes of limitation afford ample time for investigation prior to the institution of suit. After the institution of suit, and even before, our rules of practice afford many means of investigating the circumstances of the case and of ascertaining the proper identity of the parties sued.

1. Motion of Cactus Drilling Company for summary judgment was granted and no appeal was taken from this action.

We are not unsympathetic with appellant but we are unable to find any legal excuse for his having sued the wrong corporation or for his delay in ascertaining this fact.

Appellee relied upon the case of Flowers v. Steelcraft Corporation, 398 S.W.2d 796, Amarillo, writ granted. We will not anticipate the decision of the Supreme Court in this case and will not discuss it except to point out that the Supreme Court in granting the writ did so on the point that the evidence was not conclusive that there were two separate corporations of the same name. It is conclusive in our case that there are two separate corporations of similar name, and this fact is not disputed.

Appellant's contention that it was incumbent on the first corporation sued to file a plea in abatement pointing out the discrepancy between Cactus Drilling Company and Cactus Drilling Corporation of Texas thus enabling him to timely correct his mistake is answered by the case of Gillette Motor Transport Co. v. Whitfield, Tex.Civ.App., 160 S.W.2d 290, Fort Worth, n. w. h., cited with approval in Nail v. Wichita Falls & Southern Railroad Company, Tex.Civ.App., 294 S.W.2d 431, Fort Worth, n. w. h., the Court saying:

"A conclusion on the part of the railway company that it was not liable, or knowledge that it was not the plaintiff's employer and was not the owner or operator of the railroad, would not impose upon it any duty to apprise plaintiff and the truck company in advance of the trial that they had sued the wrong company. Nor would mere knowledge by the railroad company of such facts be enough to substitute it for the railway company as a party to the suit."

We affirm the judgment of the trial court.

Affirmed.