CITY OF GALVESTON, Appellant,

v.

Steven W. SHU, Appellee.

No. 17770.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 16, 1980.

Robert V. Shattuck, Jr., Joe D. Morris, Galveston, for appellant.

Martin, Carmona, Cruse, Micks, Dunten, Wilbur H. Dunten, Galveston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

PEDEN, Justice.

Defendant City of Galveston (Galveston) appeals from a judgment rendered on jury findings in a negligence suit brought by Steven W. Shu under Section 3 of the Texas Tort Claims Act, Art. 6252–19, Vernon's Texas Civil Statutes. Galveston contends that plaintiff–appellee did not comply with the mandatory notice provision of Galveston's city charter and failed to plead or present evidence at trial that Galveston received notice, actual or otherwise, of plaintiff's claim for damages. In its single point of error Galveston asserts that the trial court erred in rendering judgment for plaintiff on the verdict, inasmuch as Galveston's verified answer specifically denied receiving notice in accordance with its char-

ter, and plaintiff had the burden of showing that Galveston had "actual notice" within the meaning of the Texas Tort Claims Act. We affirm.

On May 13, 1978, plaintiff's automobile was damaged when it collided with a Galveston Police Department van, driven by Officer Richard Jackson Rodgers, at the intersection of Broadway and 43rd Street in Galveston. Defendant's first amended answer states that plaintiff sent Galveston written notice of the claim for damages, dated August 9, 1978 (88 days after the collision), but that the notice did not meet the requirements of the notice provisions in Galveston's charter.

It is clear that the only type of proper notice which Galveston may have received was actual notice as provided in the Texas Tort Claims Act, Section 16.

Plaintiff's petition alleged that the negligence of Officer Rodgers, acting as Galveston's employee and agent, directly and proximately caused the collision and resultant damages to plaintiff's automobile. The petition contained no express general averment that conditions precedent to the cause of action had been performed, nor did it expressly allege that notice of any sort had been given to Galveston.

The only evidence presented at trial was the testimony of three witnesses. Armando R. Torres, an employee of the Galveston Police Department and a passenger in the police van at the time the accident occurred, was called as an adverse witness by the plaintiff. The plaintiff's wife, who was driving his automobile when the accident occurred, also testified to events which transpired prior to, during, and after the accident. Galveston called Lt. John W. Jennings of the Galveston Police Department; he gave testimony concerning emergency vehicle procedures of the Galveston police.

The jury found that Officer Rodgers was negligent and that his negligence was a proximate cause of the accident. The jury failed to find that Rodgers was operating

an authorized emergency vehicle on the occasion in question. Special Issues 3 and 4 were conditionally submitted and were not required to be answered. As to whether Rodgers was acting within the scope of his employment or whether actual notice was given to Galveston, no issues were submitted to the jury, and no complaint was made in the trial court.

The court entered judgment for plaintiff in the amount stipulated to represent the plaintiff's damages. In its only point of error the appellant contends that "the trial court erred in rendering judgment for plaintiff where plaintiff failed to plead or present evidence at trial that defendant had notice, actual or otherwise, of plaintiff's claim for damages where defendant had specially plead lack of notice."

Galveston urges that under the circumstances of the case, plaintiff was required both to plead and present evidence that defendant had actual notice of plaintiff's damages, and that plaintiff failed to do so. Appellant argues that in the face of a municipality's specific, verified denial that it received notice in the manner mandated by its city charter, claimant must allege and offer proof that the municipality had actual notice as a prerequisite to recovery and that this court's opinion in *City of Houston v. Flanagan*, 446 S.W.2d 348, 350 (Tex.Civ. App.1979, writ ref'd n. r. e.) supports that position.

Next Galveston contends that the actual notice provision of the Texas Tort Claims Act is a defense in the nature of an avoidance and that, as such, plaintiff has the burden of establishing its existence. As authority for this contention, appellant cites a federal district court case, *Bell v. Dallas Fort Worth Regional Airport Board*, 427 F.Supp. 927 (N.D.Tex.1977). Bell also states that a series of notice–related acts does not establish that a governmental unit received actual notice, within the meaning of the Texas Tort Claims Act, unless such facts provide the defendant with knowledge substantially equivalent to the knowledge which would have been provided by compliance with the charter notice requirements.

■ Citing no authorities, appellee's brief asserts that actual notice was proven by Officer Torres's testimony, "Yes, sir, I believe Officer Kitchen did the I.D. work, at the scene," and by "the testimony of Officer Torres and Mrs. Shu, as set out in Appellant's Brief." His other assertion is that it should be noted that two exhibits attached to his brief were previously introduced by the appellant as exhibits to its motion for summary judgment. These exhibits were not introduced into evidence in the trial on the merits, so we cannot consider them.

■ Galveston contends that its pleadings were sufficient under Rule 93(m) of the Texas Rules of Civil Procedure to deny receipt of notice and to put plaintiff on proof of same. We disagree.

In pertinent part, Rule 93 states:

A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.... (m) That notice and proof of loss or claim for damage has not been given, as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted. A denial of such notice or such proof shall be made specifically and with particularity.

Defendant's First Amended Original Answer is verified and specifically denies that plaintiff complied with the mandatory notice provisions of Galveston's city charter, but it does not deny that Galveston received actual notice of damage to plaintiff's property as provided in the Texas Tort Claims Act. Section 16 of the Act states:

Except where there is actual notice on the part of the governmental unit that death has occurred or that the claimant has received some injury or that property of the claimant has been damaged, any person making a claim hereunder shall

give notice of the same to the governmental unit against which such claim is made, reasonably describing the damage or injury claimed and the time, manner and place of the incident from which it arose, within six months from the date of the incident. Provided, however, except where there is such actual notice, charter and ordinance provisions of cities requiring notice within a charter period permitted by law are hereby expressly ratified and approved.

If the plaintiff's allegations amounted to pleading, generally, the performance of conditions precedent, or to averring that Galveston had actual notice of the damage, then plaintiff would have the benefit of the notice presumption both under Rule 93(m) and Rule 54 of the Texas Rules of Civil Procedure, and Galveston's mere denial of plaintiff's compliance with the formal notice of claim provision of the city charter would be insufficient to defeat the presumption of actual notice.

The plaintiff did not allege actual notice in so many words, and we hold that the facts alleged in plaintiff's petition are not sufficient to constitute an allegation of actual notice or to aver generally that conditions precedent have been performed. Therefore, the plaintiff does not have the benefit of the presumption of notice. We also hold that Galveston has not filed a verified denial of actual notice under Rule 93(m). Galveston did not specially except to the lack of pleading of actual notice, so if the plaintiff put on some evidence of probative force that Galveston received actual notice of the damage to plaintiff's property, appellant's "no evidence" point cannot be sustained.

■ In considering no evidence points we view the evidence in its most favorable light in support of the jury findings on the issues of notice, and must disregard all evidence and inferences to the contrary. *Texarkana v. Nard*, 575 S.W.2d 648, 650 (Tex. Civ.App.1978, writ ref'd n. r. e.), citing *But-*

*ler v. Hanson*, 455 S.W.2d 942 (Tex.1970) and *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 777 (Tex.1974). *In re King's Estate*, 150 Tex. 662, 224 S.W.2d 660 (1951).

■ Associate Justice James H. Moore, writing for the Tyler Court of Civil Appeals, recited proof that was held to be factually sufficient to show actual notice (of damages incurred) under the Tort Claims Act in *City of Texarkana v. Nard*, 575 S.W.2d 648 (1978, writ ref'd n. r. e.). *City of Fort Worth v. Davidson*, 117 Tex. 89, 296 S.W. 288 (Com.App.1927, holding approved) was cited for its holding that cities, like other corporate entities, can only receive notice through officers, agents, or representatives. Before notice to an agent or representative will be imputed to his principal or superior, it must have come to him at a time when he was engaged in the business of his principal under circumstances imposing upon him the reasonable duty of making the facts known to his superior. In the *Nard* case, it was undisputed that an Officer Frei had actual notice of the damages to the plaintiff at a time when Frei was charged with the duty of gathering the facts surrounding the accident and making known to the City that the damages were incurred in the accident. This actual notice to Officer Frei was held, as a matter of law, to constitute actual notice to the City.

■ In our case the plaintiff's wife testified that an "identification truck" arrived at the scene of the accident shortly after it occurred, and that there were several officers around; the (police) officers at the scene told her that when the accident occurred, they were responding to an "Officer down" call. She testified that she gave a statement that day, and she said she spoke with Officer Rodgers at the scene of the accident, but he did not speak to her until after the identification truck had arrived.

It is clear that Officer Rodgers was driving the Galveston Police van on an official police call that Officer Torres was a passenger when the vehicles collided. Torres testified that the whole front end of the Shu vehicle was damaged in the collision. When he was asked, "Are you aware that, *in one*

*of the Statements* that Officer Jack Rodgers signed, *after the investigation of the accident...?*," he replied "Right." He also said he was aware that *in that statement* Officer Rodgers had said they were in normal traffic. (emphasis added). Torres testified that the police department had taken pictures at the scene but that he never had seen them. Torres stated, "I believe Officer Kitchen did the I.D. work at the scene." It appears that the term "I.D." includes investigation of accidents.

We hold that the testimony amounts to circumstantial evidence that an official investigation of the accident was made by Galveston police. It can reasonably be inferred that the investigative report showed that the front end of the plaintiff's car was damaged.

The proof in our case falls far short of that held in *City of Texarkana v. Nard,* supra, to constitute actual notice to the City as a matter of law, but we hold that it amounts to some evidence of probative force that Galveston had actual notice, within the meaning of the Texas Tort Claims Act, of the damage done to the claimant's vehicle by a city employee engaged in his official duties.

Affirmed.