**Ralph K. MILLER, Petitioner,**

v.

**William MAC GANN, Jim M. Perdue, and MGP Farm & Ranch, a Texas Partnership, Respondents.**

No. D–2178.

Supreme Court of Texas.

Sept. 30, 1992.

Ralph K. Miller, New Braunfels, for petitioner.

Stanley B. Binion, Kevin Dubose, Merry Miller, Houston, for respondent.

**ON MOTION FOR REHEARING**

PER CURIAM.

The motions for rehearings are overruled. The court's opinion of July 2, 1992, is withdrawn, and the following is substituted therefor.

This land ownership dispute involves the doctrine of judicial estoppel. Ralph Miller sued William Mac Gann and Jim Perdue for breach of fiduciary duty relating to their mutual ownership of a land tract in Brazoria County. Gann and Perdue deny the land was owned by the parties' partnership. Gann and Perdue further assert that Miller is judicially estopped from claiming partnership ownership because they allege Miller had claimed individual ownership in a property settlement agreement within his 1978 divorce decree.

After the trial court dismissed Miller's suit, the court of appeals reversed and remanded, stating that Miller's prior statements in the settlement agreement did not judicially estop him from today claiming partnership ownership because he "did not appear before the court to give *testimony* about the property characterization" in the divorce proceeding. 822 S.W.2d 283, 288–89. This assertion by the court of appeals is inconsistent with the settled law of this state. The applicability of judicial estoppel is not limited to oral testimony, but applies with equal force to any sworn statement—whether oral or written—made in the course of a judicial proceeding. *See Aetna Life Ins. Co. v. Wells*, 557 S.W.2d 144, 147 (Tex.Civ.App.–San Antonio 1977, writ ref'd n.r.e.); *Van Deusen v. Connecticut Gen. Life Ins. Co.*, 514 S.W.2d 951, 956 (Tex.Civ. App.–Fort Worth 1974, no writ). In denying the applications for writ of error, we should not be construed as approving the court of appeals' interpretation of this doctrine.