**VANSCOT CONCRETE COMPANY d/b/a Express Pennington, Appellant,**

v.

**Wallace BAILEY, Jr., Appellee.**

**No. 2-91-222-CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 20, 1992.

Rehearing Overruled Jan. 6, 1993.

Decker, Jones, McMackin, McClane, Hall & Bates, and Daniel L. Bates, Robert B. Wagstaff, Louis E. Sturns, Fort Worth, for appellant.

Law Offices of Don Prager, P.C., and Don Prager, Law Offices of David Osborn, and David Osborn, Fort Worth, for appellee.

Before FARRIS, DAY and CLYDE R. ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

FARRIS, Justice.

The issue in this case is whether or not an appeal can be brought in the name of a nonexisting appellant. We hold that it cannot and order the appeal dismissed.

This is a ghost story with two ghosts. One is the specter of limitations; neither party's brief mentions it, but it is a specter that is never out of mind. The named appellant, Vanscot Concrete Company, is the other ghost.

Vanscot Concrete Company was merged into Tarmac Texas, Inc., on June 30, 1986, and after that did not exist. Three months later, on October 4, 1986, the appellee, Wal-lace Bailey, Jr., was injured when concrete, being poured to form a foundation, splashed on his leg causing severe burns. The concrete which injured Bailey was delivered by a truck bearing the name "Express Pennington." From assumed name certificates filed with the County Clerk, Bailey discovered "Express Concrete Company" and "Pennington Concrete Company" were the assumed names of Vanscot. The certificates were signed by Vanscot's president and registered agent for service, Vance C. Minter.

On March 15, 1988, Bailey, unaware of the merger, sued Vanscot, and on April 13, citation was served on Minter as registered agent for Vanscot. On May 9, 1988, in response to the service of citation on Minter, lawyers representing Vanscot filed an answer to Bailey's petition. The answer was a general denial and addressed the court in the first person as though Vanscot still existed. The lawyers paid a jury fee and demanded a jury trial on Vanscot's behalf.[1] On June 22, 1990, Vanscot's lawyers filed an amended answer and, for the first time, limitations cast its shade across the record of the case.

In the first amended original answer, Vanscot's lawyers filed a verified plea, denying Vanscot's corporate existence, and prayed the case be dismissed with costs. Later, a motion for summary judgment set out the circumstances of the merger. The motion for summary judgment was overruled, the case was tried to a jury, and judgment was entered in favor of Bailey and against Vanscot. A cost and supersedeas bond, naming Vanscot as principal, was filed and this appeal was perfected with Vanscot as appellant.

The appellant's brief, naming Vanscot as appellant, contains eight points of error. Six points relate to the failure to grant a directed verdict because Vanscot did not exist when Bailey was injured. We do not

1. The attorneys who initially represented Vanscot in this case were not with the firm who represented Vanscot at trial or in this appeal. A motion to substitute defense counsel was filed after limitations ran. Nothing in the record indicates the attorneys who represented Vanscot knew of the merger before limitations ran. In fact, the timing of Vanscot's motion to substitute defense counsel suggests this matter was not disclosed to the attorneys until after limitations ran.

address any of the points but order the appeal dismissed.

 Suits can be maintained only against parties having an actual or legal existence. *See Stinson v. King*, 83 S.W.2d 398, 399 (Tex.Civ.App.—Dallas 1935, writ dism'd). Vanscot had no actual or legal existence when Bailey was injured or when he filed suit. Therefore, no answer was necessary because a default judgment against Vanscot would have been a nullity. Further, the judgment against Vanscot Concrete Company will not support levy of execution against the surviving corporation into which Vanscot was merged.

An answer was filed in Vanscot's name for one reason only, to forestall Bailey discovering, before limitations ran, that he had sued a non-entity. No one was obligated to tell Bailey he had sued the wrong party, but in this case filing an unnecessary answer misled Bailey to believe that Vanscot existed when it did not. To sustain any of the points of error, which are based upon Vanscot's nonexistence, would have the deleterious effect of discouraging candor while encouraging obstructionist tactics. *See Rooke v. Jenson*, 838 S.W.2d 229 (Tex.1992).

 Because the appealed judgment grants only relief against a nonexistent party, there is no aggrieved party entitled to bring this appeal; therefore, it is appropriate that the appeal be dismissed. *See Hunt v. Burrage*, 84 S.W.2d 1098 (Tex.Civ. App.—Dallas 1935, writ dism'd); *Onion v. Cain*, 64 S.W.2d 418 (Tex.Civ.App.—San Antonio 1933, orig. proceeding).

Dismissal is a just disposition as well as a correct one for a reason not relevant to the issues before us. It appears from the record that the surety to the supersedeas bond is also the insurance company which insured Tarmac and employed the lawyers who represented Vanscot. Superseding the judgment was a strategic error. If the judgment had not been superseded, Bailey would have been unable to recover on his judgment regardless of the outcome of the appeal.

The appeal is dismissed.

DAY, Justice, dissenting.

While I agree with the majority that the judgment entered against Vanscot was a nullity since Vanscot had ceased its corporate existence prior to the incident giving rise to Bailey's suit, I strongly disagree with the sua sponte dismissal of this appeal as well as the reasons given by the majority in justification of its refusal to consider the points of error raised by Vanscot.

The majority suggests that the sole reason for filing of an answer in behalf of Vanscot *was to mislead* Bailey to believe that Vanscot existed when it did not, all "to forestall Bailey discovering, before limitations ran, that he had sued a non-entity." The majority then reasons that if the court were to sustain Vanscot's points of error, it would encourage obstructionist tactics. The majority further suggests that no answer at all should have been filed since a default judgment against Vanscot would have been a nullity.

As additional support for its refusal to consider the trial court's error in entering judgment against the appellant, the majority attempts to justify its dismissal of this appeal by stating that the same insurance company that hired the lawyers who represented appellant had also superseded the void judgment entered by the trial court. The majority states that only by dismissing this appeal can a *just* disposition be had, because a dismissal of this appeal will permit Bailey to collect on the void judgment by proceeding against the surety on the supersedeas bond.

The first reason given for refusing to consider this appeal relates to the majority's speculation as to the motive or intent for filing an answer on behalf of Vanscot. Neither motive nor intent of the parties or their attorneys was an issue in the trial court nor was it addressed in either their briefs or oral arguments. It ill behooves an appellate court to engage in conjecture concerning matters upon which there was no evidence and draw a conclusion upon which to base a refusal to consider an appeal.

The majority's suggestion that it was not necessary to file an answer for Vanscot since an ensuing default judgment would be void is similarly unfounded. Surely the majority is not suggesting that defects of party such as the present one be litigated in another proceeding after the initial suit has been resolved by a final judgment. Judicial economy would seem to require the raising of these defect of party issues in the initial suit as the appellant has done in the instant case.

The majority's attempt to justify its refusal to consider this appeal, because to do so would result in reversal of the judgment and thereby prevent Bailey from collecting under the supersedeas bond, hardly justifies comment.[1] The majority's reliance upon its discovery that the surety on the supersedeas bond in this appeal is the same insurance company that insured Tarmac, the surviving corporation, provides even less justification for the court's refusal to accept this appeal.

The majority's dismissal of this appeal cannot be justified. I would sustain the points of error raised by the appellant and reverse the patently void judgment of the trial court.

---

1. The majority would appear to be rendering an *advisory opinion* that the surety on the superse- deas bond would be liable to pay a judgment that is according to the majority a *nullity*.