**VANSCOT CONCRETE COMPANY, d/b/a Express Pennington, Appellant,**

v.

**Wallace BAILEY, Jr., Appellee.**

No. 2–91–222–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 15, 1993.

Rehearing Overruled Oct. 26, 1993.

Decker, Jones, McMackin, McClane, Hall & Bates, and Daniel L. Bates, Robert B. Wagstaff, Louis E. Sturns, Fort Worth, for appellant.

Law Offices of Don Prager, P.C., and Don Prager, Law Offices of David Osborn, and David Osborn, Fort Worth, for appellee.

Before FARRIS, DAY and CLYDE R. ASHWORTH (Retired), JJ.

## OPINION ON REMAND

DAY, Justice.

Vanscot Concrete Company (Vanscot) appealed from an adverse judgment in a personal injury action. In our prior opinion, we dismissed the appeal. *See Vanscot Concrete Co. v. Bailey,* 843 S.W.2d 193 (Tex.App.— Fort Worth 1992). The Texas Supreme Court granted Vanscot's application for writ of error, reversed our prior opinion, and remanded the cause to this court for reconsideration of Vanscot's points of error. *See Vanscot Concrete Co. v. Bailey,* 853 S.W.2d 525, 527 (Tex.1993).

We reverse and render for Vanscot.

In March of 1988, Wallace Bailey, Jr. sued Vanscot, alleging that Vanscot's negligent acts *on October 4, 1986* in its operation of a cement truck proximately caused his injuries. Vanscot initially answered by filing a general denial. In June of 1990 (almost four years after the occurrence), Vanscot amended its answer, urging a defect of parties and denying under oath that it was a corporation.

Vanscot then moved for summary judgment upon affidavits and on the public record. The summary judgment proof reflects that on June 30, 1986 (three months before the alleged negligent acts), Vanscot and two other corporations merged pursuant to Articles of Merger and Certificate of Merger issued by the Secretary of State of Texas. The merger documents identified the merged corporation as Cen–Tex Ready–Mix Concrete Company, which was renamed Tarmac Texas, Inc. An affidavit of an officer of the surviving corporation attested that Vanscot had ceased doing business on June 30, 1986 and had no connection whatsoever with the subsequent occurrence of October 4, 1986 complained of by Bailey.

The trial court refused to grant the summary judgment motion, and the case pro-

ceeded to trial before a jury. Vanscot moved for a directed verdict (based upon its non-existence as a legal entity) at both the conclusion of Bailey's case and at the conclusion of all the evidence. Both motions were overruled, and the jury returned its verdict, finding that Vanscot's negligent acts of October 4, 1986, were a proximate cause of Bailey's injuries. Vanscot's post-verdict motions, based upon its *non-existence as a legal entity* at the time of its alleged negligence, were rejected by the trial court, and judgment was rendered against Vanscot. Interestingly, the judgment specifically finds, *as a matter of law, that Vanscot merged prior to the occurrence complained of by Bailey,* and the merged corporation was Tarmac Texas, Inc.

■ In its first point of error, Vanscot claims the trial court erred in entering judgment against it since the evidence established as a matter of law that Vanscot did not exist as a legal entity on the date of its alleged negligence giving rise to Bailey's injuries.

A careful reading of the statement of facts fails to raise even a scintilla of evidence contradicting the proof of Vanscot's ceasing to exist at the time of the merger. Since the merger predated Vanscot's alleged negligent acts by several months, *Vanscot was not a legal entity on October 4, 1986 and could not have been guilty of negligence as found by the jury and recited in the judgment of the trial court.*

■ Bailey contends, however, that "the record ... is replete with evidence" that Vanscot Concrete Company, d/b/a Express Pennington, was in existence when he was injured and was thus a proper party to the suit.

First, Bailey directs us to the opening statement of Vanscot's attorney at trial:

Again, my name is Robert Wagstaff, and along with Dan [Bates], we represent Vanscot Concrete Company in this matter. On behalf of both Dan and myself and Vanscot, we'd like to thank you all for your time in coming down here.

Bailey claims these comments are extra-judicial admissions. *See Esteve Cotton Co. v. Hancock,* 539 S.W.2d 145, 147 (Tex.Civ. App.—Amarillo 1976, writ ref'd n.r.e.). The facts in *Esteve,* a contract dispute case, are distinguishable from those in this case. The party against whom the extra-judicial admission was asserted in *Esteve* testified at trial concerning what he thought the contract meant. In this case, Bailey is claiming Vanscot's *attorney's opening statement* is somehow evidence. We find the attorney's comments are mere introductory statements—identifying the defendant's lawyers and thanking the jury for its time—and nothing more.

■ Second, Bailey relies on an exhibit attached to his reply to Vanscot's motion for new trial. This document is a petition filed in the 348th District Court of Tarrant County. The petition was filed on September 17, 1986, well after the June 30, 1986 merger. In it, Vanscot (as plaintiff) refers to itself as Vanscot Concrete Company, d/b/a Express/Pennington Concrete Company, and claims to be a Texas corporation doing business as Express/Pennington.

Bailey claims these pleadings are judicial admissions of Vanscot's corporate existence and says the trial court could have considered them in denying the motion for new trial. Importantly, however, the petition was never introduced into evidence at the trial of *this* case and thus had no bearing on its outcome.

■ Documents not introduced into evidence at trial are not properly included in the record and cannot be considered on appeal. *See Noble Exploration v. Nixon Drilling,* 794 S.W.2d 589, 592 (Tex.App.—Austin 1990, no writ); *City of Galveston v. Shu,* 607 S.W.2d 942, 945 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Our duty, as an appellate court, is to consider only the testimony adduced and the evidence tendered and/or admitted at the time of trial. *Gulf Oil Corp. v. Southland Royalty Co.,* 478 S.W.2d 583, 591 (Tex.Civ.App.—El Paso 1972), *aff'd,* 496 S.W.2d 547 (Tex.1973).

In his October 12, 1993 letter brief, Bailey urges this court to apply the doctrine of judicial estoppel, based on Vanscot's representations in 348th District Court. Bailey relies on *Miller v. Gann,* 842 S.W.2d 641 (Tex.1992). In *Miller,* the supreme court

stated judicial estoppel applies to oral testimony and sworn oral and written statements made in the course of another judicial proceeding. *Id.* at 641. The difference is, the evidence referred to in the *Miller* decision had been introduced at trial. *See Miller v. Gann,* 822 S.W.2d 283, 288–89 (Tex.App.—Houston [1st Dist.] 1991), *writ denied,* 842 S.W.2d 641 (Tex.1992). The "evidence" Bailey relies on was not. Thus, *Miller* is inapposite to Bailey's position and the facts of this case.

We conclude the petition from the 348th District Court is not evidence in this case.

■ Third, Bailey relies on statements made by the trial court upon denying Vanscot's motions for a directed verdict. When he overruled Vanscot's second motion for directed verdict, the trial judge stated:

> This is not a case where Vanscot has filed articles of dissolution and no longer exists.... [I]t was a merger undisputed.... [I]t is now part of a larger organization comprised of a number of other corporate entities that have all gone together into one corporate body.

■ From this statement, we conclude the trial court was confused about the merger's effects on Vanscot's status. Interpreting TEX.BUS.CORP.ACT ANN. art. 5.06 (Vernon Supp.1993),[1] Bailey claims, and the trial court apparently agreed, that only Vanscot's *separate* existence ceased upon completion of the June 30, 1986 merger and that Vanscot somehow lives on within Tarmac Texas. We interpret article 5.06 to mean that Vanscot ceased to exist as a legal entity, in any form, after the merger. In both a statutory merger and a dissolution, the merged or dissolved corporate entity *ceases to exist,* although the end results of these processes differ. *Vulcan Materials Co. v. United States,* 446 F.2d 690, 694 (5th Cir.), *cert. denied,* 404 U.S. 942, 92 S.Ct. 279, 30 L.Ed.2d 255 (1971). In a dissolution, the privileges, powers, rights, and duties of the corporation come to an end and suffer a corporate death. *Id.* In a merger, these attributes of corporate life are trans-ferred to the surviving corporation and are there continued and preserved. *Id.*

In light of our interpretation of article 5.06, we are unpersuaded by the trial court's comments.

■ We also recognize that new assumed name certificates were not filed after the merger, as required by the Texas Business and Commerce Code. As the supreme court put it: "It is also undisputed that after the merger, the new company, Tarmac Texas, acquired the name 'Express Pennington', but did not update the county clerk's assumed name certificate record as is required by TEX.BUS. [&] COMM.CODE § 36.12 (Vernon 1987)." *See Vanscot,* 853 S.W.2d at 526.

Whenever an event occurs that causes the information in an assumed name certificate to become materially misleading, a new certificate *shall* be filed with the county clerk and the Secretary of State, if applicable, in which the original certificate was filed. Section 36.12(a). The new certificate *shall* be filed within 60 days after the occurrence of the events that necessitate its filing. *Id.* Events that cause information to become materially misleading include a change in the name, identity, entity, form of business, or location of a registrant. Section 36.12(b).

To date, no Texas court has addressed who is responsible for filing a new assumed name certificate after a merger. We can think of no reason, however, to place that burden on an entity that is no longer in existence.

■ We note the language of TEX.BUS. & COM.CODE ANN. § 36.14(a) (Vernon 1987):

> A registrant that has filed an assumed business or professional name certificate under this chapter which ceases to transact business ... under the assumed name stated in such certificate ... *may* file in the office of the county clerk ... where such certificate has been filed, a statement of abandonment of use of a business or professional name setting forth:

---

1. Article 5.06(A)(1) provides:
   When a merger takes effect:
   (1) the separate existence of every domestic corporation that is a party to the merger, ex-cept any surviving or new domestic corporation, shall cease[.]
   *Id.*

(1) the assumed business or professional name being abandoned[.]

*Id.* (emphasis added). Unlike section 36.12, this statute does not contain mandatory language. We interpret sections 36.12 and 36.-14, when taken together, to mean that the person who ceases to transact business *may* choose to file a statement of abandonment, but the entity that continues to operate in a different form, *i.e.,* the successor corporation after a merger, *must* file a new certificate.

Accordingly, we believe the responsibility for filing the new assumed name certificate under the name "Express Pennington" lay with Tarmac Texas and not with Vanscot. Tarmac Texas's failure to fulfill its statutory obligation cannot be held against Vanscot.

 As a result of the merger, Vanscot had no actual or legal existence at the time of the occurrence complained of by Bailey or at the time Bailey instituted suit. Civil suits may be maintained only by or against parties having an actual or legal existence. *See Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987). Thus, Vanscot was not a proper party to the suit, and the trial court's judgment was entered in error. *See Thomas v. Cactus Drilling Corp.,* 405 S.W.2d 214, 215 (Tex.Civ.App.—Austin 1966, no writ) (if the wrong party has been sued and served, no judgment can rightfully be rendered against him).

Vanscot's first point of error is sustained, and the judgment against Vanscot is reversed and rendered that Bailey take nothing.

CLYDE R. ASHWORTH, Justice (Retired), dissenting.

I respectfully dissent.

If Vanscot had dissolved prior to institution of this suit, the majority's opinion would be correct. However, in that event, public records of the dissolution would be available and it would be possible for suit to be brought against the representatives of the dissolved corporation. In the instant case there was no dissolution—there was a merger with another entity and a new name and form of organization was adopted. The assets and liabilities (including appellee's claim)

continued to exist, although in a different name. The corporation into which the old corporations are merged necessarily acquires the liabilities as well as the assets of the merging corporations.

The judgment should be affirmed.