**Elsie DEZSO, Appellant,**

v.

**Paul HARWOOD, Appellee.**

No. 03–95–00539–CV.

Court of Appeals of Texas, Austin.

June 26, 1996.

Rehearing Overruled July 31, 1996.

William W. McNeal, McNeal, Garner & Lippe, Lockhart, TX, for Appellant.

William T. Peckham, Austin, TX, for Appellee.

Before POWERS, JONES and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Our opinion of May 1, 1996 is withdrawn and this one is substituted in its place.

Elsie Dezso appeals by writ of error a default judgment rendered against her March 27, 1995 in favor of Paul Harwood. In four points of error, Elsie Dezso contends that the trial court erred in rendering a default judgment against her because she was not a party to the suit and she was not properly served with citation, as the citation did not include the name "Elsie Dezso." We will affirm the default judgment.

## BACKGROUND

In his original petition, Harwood alleged that he entered into a distributorship agreement with Elsie Dezso's son, Danny Dezso, and Danny's business, Christian Symbols, acting for themselves and as authorized agents of Judi Dezso, Judi's Cupboard, Judi's Card and Gift Shop and Christian Symbols. The agreement would have allowed Harwood to obtain display cases, jewelry merchandise, and other products to be sold in Austin and surrounding areas. Additionally, the contract provided that Danny Dezso would assist in marketing the merchandise. Harwood paid for the distributorship in part by cash and in part by charging $3,905 on his credit cards through Judi's Cupboard and Judi's Card and Gift Shop.

In February 1995, Harwood filed suit under the Deceptive Trade Practices—Consumer Protection Act alleging breach of warranty, breach of contract, and other misrepresentations with regard to the distributorship agreement. *See* Tex.Bus. & Com. Code Ann. §§ 17.41–19.47 (West 1987 & Supp.1996).

Elsie Dezso operates Judi's Cupboard, Inc., also doing business as Judi's Card and Gift Shop; she owns the corporation with her

husband and her two daughters. Danny Dezso operates a separate business known as Christian Symbols. Danny is married to Judi Dezso, who has no apparent connection with Elsie Dezso's businesses and had no business dealings with Mr. Harwood.[1]

Because Elsie Dezso's businesses are called "Judi's Cupboard" and "Judi's Card and Gift Shop," Harwood mistakenly believed that the appropriate defendant in his action was named Judi Dezso, when in fact her name was Elsie Dezso. Accordingly, the original citation was issued to "Dezso, Judi Individually and DBA Judi's Cupboard DBA Judi's Card & Gift Shop & DBA Christian Symbols" without mention of Elsie Dezso. Attached to the citation was Harwood's original petition reciting his DTPA claims. Although Harwood referred to Elsie Dezso as Judi Dezso in the petition, the petition explicitly listed all the DTPA complaints regarding his contractual agreement with Elsie Dezso and her son. Elsie Dezso does not dispute that she was actually served with the citation and the original petition.

When Elsie Dezso failed to respond to the citation, Harwood obtained a default judgment against her. The default judgment refers to Elsie Dezso as "Judi Dezso, also known as Elsie Dezso, individually and doing business as Christian Symbols, Judi's Cupboard and Judi's Card and Gift Shop...." Elsie Dezso filed a writ of error seeking to overturn the default judgment.

## DISCUSSION AND HOLDINGS

By her four points of error, Elsie Dezso essentially contends that the trial court erred in rendering a default judgment against her, because her name did not appear on the citation. Elsie Dezso asserts that because she was not an intended party to the suit the default judgment cannot stand.

An appeal by writ of error directly attacks the default judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 928 (Tex.1965). In such an appeal "the question to be decided is whether there is a lack of jurisdiction appar-

ent on the face of the record which would vitiate the trial court's judgment." *Id.* Elsie Dezso basically argues that because the name Elsie Dezso was not on the citation or pleadings, she was not a party to the suit; thus, jurisdiction would not be proper over her. In cases such as the one at hand, "it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service of process." *Id.* The record in this case indicates that Elsie Dezso did in fact receive service of process, although under a misnomer.

Elsie Dezso asserts that this is not a case of misnomer, but instead is a case of misidentification in which the wrong defendant was served. If the wrong defendant was served, the default judgment cannot stand. *Callan v. Bartlett Elec. Coop.,* 423 S.W.2d 149, 156 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.); *Thomas v. Cactus Drilling Corp.,* 405 S.W.2d 214, 216 (Tex.Civ.App.— Austin 1966, no writ). In *Thomas,* this Court stated:

> The principle of these cases is simple. If a person thought to be named A is sued and served under that name the judgment against him is valid even though his name is B. But if one has a cause of action against a person with the same or similar name, service on the person against whom one has no cause of action will not support a judgment against the one amenable to the cause of action asserted.

*Id.* Elsie Dezso seems to rely on *Thomas* and similar cases in arguing that when there are two separate persons or corporations involved with the same or similar names, the case is one of mistaken identity. However, these cases simply explain that when the *incorrect* defendant is served with citation, a default judgment against such incorrect defendant cannot extend to cover the *correct* defendant, even if their names are the same or similar.

When the correct defendant is served under the wrong name the case is not one of misidentification but rather misnomer. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5

---

1. Although Danny Dezso was a party in the original suit, the trial court severed the claims as to

him.

(Tex.1990); *Adams v. Consolidated Underwriters*, 133 Tex. 26, 124 S.W.2d 840, 841 (1939); *West v. Johnson*, 129 S.W.2d 811, 815 (Tex.Civ.App.—Fort Worth 1939, writ ref'd); *Haley v. Young*, 541 S.W.2d 217, 219 (Tex. Civ.App.—Houston 1976, no writ). The supreme court in *Adams* explained the misnomer rule:

> When a person intended to be sued is sued and served by a wrong name, and such person fails to appear and plead such misnomer in abatement, and suffers judgment to be obtained, he is bound by such judgment, and in all future litigation he may be connected with such suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected or concluded to the same extent that he would have been if he had been named and served by his true name.

*Adams*, 124 S.W.2d at 841. As the court in *West* stated, "The test seems to be whether or not the right person was sued, and whether or not he was put on notice that he, and not some other person, had been sued." *West*, 129 S.W.2d at 815.

Given the circumstances in this case, we believe that Elsie Dezso had adequate notice that she had been sued by Harwood. Although the citation did not refer to Elsie Dezso by her correct name, her corporation and its business names were on the citation. Additionally, the original petition expressly pointed out all of Harwood's complaints regarding his dealings with Elsie Dezso, her son, and the related businesses. Based on the allegations in the petition, Elsie Dezso knew that her daughter-in-law, Judi Dezso, was not in any way involved in the business dealings that formed the basis of Harwood's lawsuit. The allegations also made clear that Elsie Dezso's businesses, Judi's Cupboard and Judi's Card and Gift Shop, *were* involved in the transactions that were the subject of Harwood's suit. Further, Elsie Dezso testified at a hearing on her motion to set aside the default judgment that "[s]ince the store's name is Judi, a lot of people will call me Judi because ... they think it is my name." Based on these factors, Elsie Dezso should have logically concluded that Harwood in-

tended to sue her and that he had simply misnamed her.

Texas case law supports the principle that unless the pleadings and citation actually mislead the misnamed defendant, a default judgment will not be rendered void. *Baker v. Charles*, 746 S.W.2d 854, 855 (Tex.App.—Corpus Christi 1988, no writ); *Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex.App.—San Antonio 1987, no writ). The *Cockrell* court stated:

> When an intended defendant is sued under an incorrect name, jurisdiction is proper after service on defendant under misnomer, but it must be clear that no one was misled.
>
> A misnomer of a defendant does not render a judgment based on personal service, even one by default, void, provided the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled.

*Cockrell*, 737 S.W.2d at 140 (citations omitted). In the circumstances of this case, Elsie Dezso could not have been misled into believing that her daughter-in-law was the intended defendant of Harwood's suit regarding the distributorship.

It is apparent that Elsie Dezso was Harwood's intended defendant and was simply misnamed. Appellant was, therefore, a party to the suit who was properly served with citation, and there is no lack of jurisdiction apparent on the face of the record. Accordingly, we overrule all four points of error.

Having found no error, we affirm the default judgment.