In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-19-00432-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

V.

ASHLEY KENDZIORA, Appellee

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-05-05926-CV**
_____

**MEMORANDUM OPINION**

Appellant, the Texas Department of Public Safety ("DPS"), appeals the trial court's order denying its plea to the jurisdiction in an underlying case concerning a car accident involving an emergency response by a DPS trooper. In two issues, DPS argues that it is immune from suit and that the trial court erred in denying its plea to the jurisdiction, because the DPS trooper was responding to an emergency and is entitled to official immunity. We reverse the trial court's order and render judgment that appellee Ashley Kendziora take nothing on her claims.

1

Background

Kendziora filed suit against DPS under the Texas Tort Claims Act ("TTCA") for personal injuries she allegedly sustained in a motor vehicle accident involving Trooper Kenneth Chapman. Kendziora alleged that Chapman was negligent and careless in the operation of his vehicle by failing to keep a proper lookout, timely apply his brakes to avoid a collision, control the speed of his vehicle, yield the right-of-way from a red light, and drive a police vehicle with due regard for the safety of others. Kendziora further alleged that Chapman failed to slow as necessary for a police officer proceeding past a red light in violation of the Transportation Code. DPS filed an answer asserting the defenses of sovereign and official immunity.

DPS also filed a plea to the jurisdiction asserting that its sovereign immunity had not been waived because of Chapman's official immunity. DPS argued that the emergency exception to the waiver of sovereign immunity applies because Chapman's actions were taken while responding to an emergency call or reacting to an emergency situation. According to DPS, the evidence established that Chapman was operating a clearly-marked DPS patrol vehicle when he made the discretionary decision to respond to a priority one call, and when he approached a red light while driving to the location, he activated his emergency lights and sirens as well as an airhorn to warn the public of an emergency crossing. DPS argued that Chapman slowed down when he approached the intersection and looked both ways to ensure

2

his path was clear of traffic before he traveled through the intersection, but Kendziora's vehicle struck Chapman's patrol car as he reached the southernmost lane of the intersection. DPS contends that the evidence shows that Chapman considered the traffic in the roadway and the wet roadway condition and that he did not act recklessly or with conscious disregard for the safety of others in conducting his emergency response.

In his affidavit, Chapman stated that while responding to a priority one call reporting that one hundred people were fighting at a sports complex, he had a red light at the intersection, which he approached with his lights and siren activated, and he activated his airhorn and came to a near stop to clear the intersection. Chapman explained that he slowed down and looked both ways before entering the intersection one lane of traffic at a time, clearing the westbound traffic and the first two lanes of the eastbound traffic, but as he entered the third eastbound lane, Kendziora struck his patrol vehicle. Chapman averred that at all times he was in the course and scope of his employment, performing discretionary duties, acting in good faith and without malice, and that he did not act recklessly. Chapman stated that he believed the priority one call and surrounding circumstances created a serious risk of harm to the public which necessitated his immediate and urgent response, and he considered the risks and needs involved in continuing his emergency response. Chapman averred that his decision to continue his response and enter the intersection was reasonable

3

and prudent based on the totality of the circumstances as they appeared to him at the time, and that he did not act recklessly or with conscious disregard for the safety of others. Additionally, in his deposition, Chapman explained that he slowed to almost a complete stop before entering the intersection, and that all westbound traffic had stopped before he entered and all but one of the eastbound lanes came to a stop.

DPS attached excerpts from Kendziora's deposition testimony, in which Kendziora testified that prior to the collision, her light turned green and she continued through the light, and Kendziora testified that she did not hear the police sirens or see any police lights. DPS also attached its vehicle accident report, in which Sergeant Joshua Pullen indicated that he evaluated Chapman's conduct in responding to the emergency and determined that Chapman slowed as necessary prior to entering the intersection and took every precaution possible when clearing the intersection. In his affidavit, Pullen averred that a reasonable and prudent officer, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred. Pullen explained that he went to the scene and took photographs from inside a passenger car in the same lane and approximate locations that Kendziora would have been in when Chapman entered the intersection, and Pullen stated that those locations are elevated above the actual intersection and give a good vantage point to view the intersection. DPS's accident report shows that Lieutenant John Tucker concurred

4

with Pullen's evaluation, and Tucker stated that Chapman used due care while entering and proceeding through the intersection.

The trial court granted DPS's plea to the jurisdiction and dismissed the case for want of jurisdiction. Kendziora filed a motion for new trial and asked for the case to be reinstated because she allegedly did not receive notice of the hearing on DPS's plea. The trial court granted Kendziora's motion for new trial. After conducting a hearing, the trial court denied DPS's plea to the jurisdiction. This appeal followed.

Analysis

In issue one, DPS argues that the trial court erred in denying its plea to the jurisdiction because its sovereign immunity is intact due to the TTCA's emergency exception. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2). According to DPS, the evidence establishes that Chapman did not act recklessly while responding to an emergency, because he utilized the safety devices at his disposal and complied with applicable laws. Kendziora argues that the trial court did not err by denying DPS's plea based on the TTCA's emergency exception because there was a factual dispute as to whether Chapman acted recklessly when he failed to yield the right-of-way at a red light in violation of the Texas Transportation Code. *See* Tex. Transp. Code Ann. §§ 545.151(a)(1), (f), 545.401. According to Kendziora, Chapman did not operate his vehicle with appropriate regard for the safety of all persons with respect to the existing traffic and roadway conditions because he failed to slow as necessary

5

while proceeding past a red light. *See* Tex. Transp. Code Ann. §§ 546.001(2), 546.005(2).

A plea to the jurisdiction is a dilatory plea, which governmental entities may use to challenge a court's power to resolve the merits of a plaintiff's claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In a suit against a governmental unit, we assume the truth of all jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If a plea challenges the jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). If the relevant evidence is undisputed or fails to raise a fact question, the trial court rules on the plea as a matter of law; however, if that evidence creates a fact issue, then the fact issue will be resolved by a jury. *See id.*

After a defendant presents evidence that the trial court lacked jurisdiction, the plaintiff must show that there is a disputed material fact regarding jurisdiction when the facts underlying the merits and subject matter jurisdiction are intertwined. *Miranda*, 133 S.W.3d at 228. This standard generally mirrors the summary judgment standard under Rule 166a(c) of the Texas Rules of Civil Procedure. *Id.*; *see also* Tex. R. Civ. P. 166a(c). In reviewing a plea in which the pleading requirement has been

met and evidence supporting the plea implicated the merits of the case, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Id.*

DPS is a governmental unit that is immune from suit and liability unless the State has waived immunity. *See* Tex. Gov't Code Ann. § 411.002(a); Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(a); *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 926-27 (Tex. 2015). Official immunity is an affirmative defense that shields governmental employees from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). Sovereign immunity shields the governmental entity from vicarious liability when official immunity shields a governmental employee from liability. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000); *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(B). Sovereign immunity is properly asserted in a plea to the jurisdiction because it defeats a trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 225-26. Because the questions of whether a court has subject matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrated a trial court's subject matter jurisdiction are questions of law, we review a trial court's ruling on a jurisdictional plea *de novo*. *Id.* at 226.

Generally, trial courts do not possess subject matter jurisdiction over a suit against a governmental entity unless the Legislature has enacted a statute waiving the entity's immunity for the type of claim the plaintiff has asserted in the suit. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 403 (Tex. 1997); *Duhart v. State*, 610 S.W.2d 740, 741 (Tex. 1980). In cases involving torts, the Legislature waived the immunity that governmental entities otherwise enjoy if the plaintiff's claim is one that falls within the requirements of the statutory waiver. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-.029. Section 101.021(1) of the TTCA allows a plaintiff to sue a governmental unit for damages if the requirements in the TTCA apply to the plaintiff's claim. *See id.* § 101.021(1). Section 101.021(1) provides that a governmental unit is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if (1) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment, and (2) the employee would be personally liable to the claimant according to Texas law. *Id.* In addition to waiving a governmental unit's immunity from liability, section 101.021(1) also waives immunity from suit. *Id.* § 101.025(a); *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

As previously discussed, there is an emergency exception to the statutory waiver of sovereign immunity for torts involving the government's use of a motor

8

vehicle. Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2); *see id.* § 101.021(1). The

TTCA does not waive governmental immunity for a claim arising

> from the action of an employee while responding to an emergency call
> or reacting to an emergency situation if the action is in compliance with
> the laws and ordinances applicable to emergency action, or in the
> absence of such a law or ordinance, if the action is not taken with
> conscious indifference or reckless disregard for the safety of others[.]

*Id*. § 101.055(2). Section 546.005 of the Texas Transportation Code provides that

the operator of an authorized emergency vehicle has the duty to operate the vehicle

with appropriate regard for the safety of all persons and is not relieved of the

consequences of reckless disregard for the safety of others. Tex. Transp. Code Ann.

§ 546.005. "The action of an emergency-vehicle operator constitutes a reckless

disregard for the safety of others when the operator knows or should have known

that the action in question posed a high risk of serious injury to others." *City of San

Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 700 (Tex. App.—Austin 2005, no

pet.). Governmental immunity under section 101.055(2) would bar Kendziora's suit

if Chapman was reacting to an emergency situation and acted in compliance with

the laws applicable to the emergency situation, or in the absence of such laws, did

not act recklessly or with conscious disregard for the safety of others. *Durham v.

Bowie Cty.*, 135 S.W.3d 294, 298 (Tex. App.—Texarkana 2004, pet. denied); *see

also* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2). Because the TTCA does not

waive governmental immunity for claims asserting only negligence arising from the

action of a government employee who is responding to an emergency, Kendziora must show that Chapman knew the relevant facts but did not care about the result. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2); *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006).

The Texas Transportation Code provides that the operator of an authorized emergency vehicle may proceed past a red stop signal after slowing as necessary for safe operation. Tex. Transp. Code Ann. § 546.001(2). The Transportation Code further provides that while engaging in conduct permitted by section 546.001, the operator must use, at his discretion and in compliance with local government or department policy, appropriate audible or visual signals. *Id.* § 546.003. Additionally, section 545.156 states that on the immediate approach of a police vehicle using an audible or visual signal and unless otherwise directed by a police officer, an operator must yield the right-of-way and stop until the police vehicle has passed. *Id.* § 545.156(a)(1). Section 545.156 does not exempt the operator of the police vehicle from the duty to drive with due regard for the safety of all persons using the highway. *See id.* § 545.156(b).

Kendziora contends that the evidence raises a fact issue regarding whether Chapman acted recklessly with respect to the existing traffic and roadway conditions. We disagree. DPS's undisputed evidence established that Chapman was responding to an emergency call with his emergency lights and siren activated and

10

that Chapman complied with applicable statutes. *See* Tex. Transp. Code Ann. §§ 546.001(2), 546.003. In his affidavit, Chapman stated that he came to a near stop to clear the intersection and that he slowed down and looked both ways before entering the intersection one lane of traffic at a time. DPS's evidence also establishes that Pullen evaluated Chapman's conduct and determined that Chapman slowed as necessary prior to entering the intersection and took every precaution possible when clearing the intersection. This evidence is sufficient to demonstrate that Chapman did not act with conscious indifference or reckless disregard for the safety of the public. *See Tex. Dep't of Pub. Safety v. Sparks*, 347 S.W.3d 834, 841-42 (Tex. App.—Corpus Christi 2011, no pet.); *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99-100 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Because DPS introduced evidence that the trial court lacked subject matter jurisdiction, the burden shifted to Kendziora to raise a genuine issue of material fact regarding whether Chapman acted with conscious indifference or reckless disregard for the safety of the public. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2); *Sparks*, 347 S.W.3d at 842.

Kendziora did not present any evidence showing that Chapman failed to slow as necessary before entering the intersection or that he acted with reckless disregard for the safety of others. *See Sparks*, 347 S.W.3d at 843; *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 702 (Tex. App.—Austin 2005, no pet.). On appeal, Kendziora relies on the dash-cam video to support her assertion that

11

Chapman's actions evidence a reckless disregard for the safety of others; however, we cannot consider the video because it was not tendered or admitted into evidence during the hearing and is therefore not part of the appellate record. *See Vanscot Concrete Co. v. Bailey*, 862 S.W.2d 781, 783 (Tex. App.—Fort Worth, 1993), *aff'd*, 894 S.W.2d 757 (Tex. 1995); *Wright v. Gifford-Hill & Co. Inc.*, 736 S.W.2d 828, 835 n.2 (Tex. App.—Waco 1987, writ ref'd n.r.e.). Because Kendziora did not raise a genuine issue of material fact as to whether Chapman failed to slow as necessary or otherwise acted with reckless disregard for the safety of others, the waiver of sovereign immunity in the TTCA does not apply, and DPS retains its immunity from Kendziora's claims. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(1), 101.055(2). We sustain DPS's first issue. Because of our disposition of DPS's first issue, we need not address its remaining issue. *See* Tex. R. App. P. 47.1. Accordingly, we reverse the trial court's order denying DPS's plea to the jurisdiction and render judgment that Kendziora take nothing on her claims.

REVERSED AND RENDERED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 7, 2020
Opinion Delivered November 5, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.